## Case No. 15,083.

UNITED STATES v. FEHRENBACK et al.

[2 Woods, 175.] [1]

Circuit Court, D. Louisiana.   Nov. Term, 1875.

CRIMINAL LAW — LIMITATIONS — REVENUE LAWS.

1. Section 5440 of the Revised Statutes of the United States, which makes it a misdemeanor to "conspire either to commit any offense against the United States, or to defraud the United States in any manner, or for any purpose," etc., forms a part of the revenue laws of the United States.

[Cited in U. S. v. Dennee, Case No. 14,948. Distinguished in U. S. v. Sanche, 7 Fed. 718.]

2. The limitation for prosecutions under said section is declared by section 1046, Rev. St., and is five years.

The indictment in this case was predicated on section 5440 of the Revised Statutes of the United States, which declares: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of said parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than one thousand dollars and not more than ten thousand dollars, and to imprisonment not more than two years." The indictment charges that the defendants [Edward Fehrenback and others], on the eighth of April, 1874, did unlawfully and fraudulently conspire among themselves to defraud the United States of the internal revenue tax of seventy cents per gallon on one hundred thousand gallons of distilled spirits, there-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

after to be produced at said Edward Fehrenback's distillery, and that to effect the object of the conspiracy, Fehrenback did on the same day, with intent to defraud the United States, remove from his distillery to a place other than the distillery warehouse, twenty thousand gallons of distilled spirits, on which the internal revenue tax had not been paid. The second count was similar to the first, and laid the offense as having been committed on the first day of April, 1874. The indictment was returned into court by the grand jury on April 8, 1876. Counsel for defendants claimed that the prosecution was barred. On this point the court charged the jury as follows:

J. R. Beckwith, U. S. Atty., and John H. New, Associate U. S. Atty.

W. H. Hunt, T. J. Semmes, L. A. Sheldon, W. R. Whitaker, and J. D. Rouse, for defendants.

WOODS, Circuit Judge. It is claimed for defendants that this prosecution is barred by the statute of limitations. Counsel for defense say that the conspiracy is alleged in the indictment to have been formed on the 8th of April, 1874; that the proof shows that if there was any conspiracy at all, the date laid in the indictment must be the correct one, and that under the statutes of the United States the prosecution is barred if not commenced within two years, and as the indictment was not returned into court until April 8, 1876, more than two years had elapsed between the offense and the finding of the indictment, and the prosecution therefore comes too late. The provisions of the Revised Statutes bearing upon this question are as follows: Section 1044 declares: "No person shall be prosecuted, tried or punished for any offense not capital, except as provided in section 1046, unless the indictment is found or the information is instituted within two years after the offense is committed." Section 1046 provides: "No person shall be prosecuted, tried or punished for any crimes arising under the revenue laws or the slave trade laws of the United States, unless the indictment is found or the information instituted within five years after the committing of such crime." The ground taken by the defense is that section 5440, on which this prosecution is based, is found in the Revised Statutes under the general title, "Crimes;" that the offense made punishable by it is conspiracy, and not the actual defrauding of the revenue; that consequently this is not a prosecution under the revenue laws of the United States, and therefore falls under section 1044, and is barred in two years.

Is this position tenable? This depends upon the answer to the question whether section 5440 forms a part of the revenue laws of the United States. This section is taken, as appears by the marginal note, from section 30 of the act of March 2, 1867, and is a reproduction of that section in letter and spirit. 14 Stat. 484. This act is entitled "An act to amend existing laws relating to internal revenue, and for other purposes," and is devoted to the subject of internal revenue. It contains amendments of existing internal revenue laws, some new provisions, which all refer to the internal revenue, and in addition it contains section 30, and nothing more. Now when we find that section 30 of this act punishes a conspiracy to defraud the United States, and is found embedded in a law devoted exclusively to the subject of internal revenue, the conclusion is inevitable that it was at the time of its enactment a part of the revenue laws of the United States. Has it ceased to be a part of the revenue laws by its collocation in the Revised Statutes? This question is answered in the negative by section 5600 of the Revised Statutes, which declares: "The arrangement and classification of the several sections of the Revision have been made for the purpose of more convenient and orderly arrangement of the same, and therefore no inference or presumption of a legislative construction is to be drawn by reason of the title under which any particular section is placed." In my judgment, therefore, section 5440, on which this prosecution is based, is a part of the revenue laws, and prosecutions under it are not barred until the expiration of five years, as provided by section 1046. As the distillery of Fehrenback was not put in operation until January 12, 1874, and if there was any conspiracy, as charged in the indictment, it must have been entered into at or about that time, you need not trouble yourselves about the statute of limitations. Upon the conceded facts of the case, and upon the law as I have given it you, the defense that the prosecution is barred cannot be successfully made in this case.