SIMPSON et al. v. UNITED STATES. *

(Circuit Court of Appeals, Fourth Circuit. February 27, 1926.)

No. 2341.

1. **Conspiracy** ⚖➝47.

Evidence *held* to sustain conviction for conspiracy to possess and transport intoxicating liquor, in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

2. **Conspiracy** ⚖➝40.

One who, with knowledge of conspiracy, aids in carrying out the unlawful design, is equally guilty with conspirators.

3. **Criminal law** ⚖➝280(2)—Demurrer to unverified plea in abatement, attacking indictment for conspiracy to violate Prohibition Act as having been found without probable cause, held properly sustained.

Demurrer to unverified plea in abatement, attacking indictment on ground that witnesses examined by grand jury did not know of formation of any conspiracy, and that indictment was therefore made without probable cause, which did not set forth testimony heard by grand jury, or allege that witnesses were incompetent, or disqualified, or guilty of improper conduct, or that incompetent evidence was heard, *held* properly sustained.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Charley Simpson and others were convicted of conspiracy to possess and transport intoxicating liquor, in violation of the National Prohibition Act, and they bring error. Affirmed.

J. Howard Hundley, of Charleston, W. Va. (J. Raymond Gordon, of Charleston, W. Va., on the brief), for plaintiffs in error.

B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va. (Elliott Northcott, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

*Certiorari denied 46 S. Ct. 488, 70 L. Ed. ——.

PARKER, Circuit Judge. The defendants were convicted under an indictment charging conspiracy to possess and transport intoxicating liquors in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The point upon which they chiefly rely is that there was no sufficient evidence to support a conviction and that the court should have directed a verdict of not guilty. This requires that we review and analyze the evidence.

[1] On the morning of July 9, 1924, officers of the law saw the defendants Chapman and Horton in conversation with the defendant Simpson at his home in the city of Charleston, W. Va. After talking with Simpson for a while, Chapman and Horton got in Simpson's car and drove off towards Huntington. About 12 hours later, as they were driving the same car back "off of" the Huntington road, the officers stopped them, and upon making search found 30 gallons of intoxicating liquor concealed in secret compartments of the car. This liquor was contained in jugs which were wrapped in 25-pound paper bags, and were placed in the secret compartments, which were concealed behind and beneath the seats, and were so ingeniously arranged as to be discoverable only by very close examination. It is a fair inference that these secret compartments were intended to be used in the illegal transportation of liquor. It was shown that the defendant Simpson a short time before this had purchased paper bags similar to those found wrapped around the jugs of liquor, and some of the bags corresponding to these were found by the officers in his garage.

The defendant Horton offered no explanation of his presence in the car transporting the liquor, and defendant Simpson offered no explanation of the fact that his car was equipped with secret compartments peculiarly adapted for concealing liquor during transportation, or of his purchase and possession of the paper bags. Defendant Chapman testified that he alone procured and transported the liquor, and that Simpson and Horton knew nothing about it; that he purchased the paper bags found on the liquor, and also those found in Simpson's garage; that he was negotiating with Simpson for the purchase of the car, and borrowed it for use on this occasion. He admitted that he and Horton were at Simpson's home just before he went with Horton to get the liquor, and that he left his Ford car at Simpson's and borrowed Simpson's car. He admitted, also, that he had had several conversations with Simpson, and that on the day preceding he told Simpson that he wanted to borrow the car, and that Simpson made no charge for its use.

We think that the motion for a directed verdict was properly overruled. Of course, if the testimony of Chapman was to be believed, none of the defendants were guilty of conspiracy. But neither the court nor the jury were bound by his explanation of the incriminating facts and circumstances relied on by the government. The question is whether these were susceptible of such an interpretation as would justify the jury in deducing a conclusion of guilt of the crime of conspiracy charged. We think that they were. There can be no question but that they were sufficient as against Chapman and Horton. Fisher v. United States (C. C. A. 4th) 2 F.(2d) 843; Murry and Williams v. United States (C. C. A. 8th) 282 F. 617; Windsor v. United States (C. C. A. 6th) 286 F. 51. So far as the defendant Simpson is concerned, it is true that he was not present when the liquor was seized, as were the other defendants; but the circumstances amply justified the conclusion that, with knowledge of the conspiracy on the part of the other defendants to violate the law, he aided them in the carrying out of their unlawful design. He furnished them the car in which the liquor was being transported. He furnished them, not an ordinary car, but one specially equipped with secret compartments, so that the liquor could be successfully concealed during transportation. It may fairly be inferred from the evidence that he purchased the paper bags in which the jugs of liquor were wrapped, and that he furnished them for use in this particular transportation of liquor. Simpson was communicating with Chapman several times during the week preceding the trip to Huntington, was talking with him on the next day preceding, and was talking with both him and Horton just before they drove away in his automobile to carry out their unlawful enterprise.

[2] In conspiracy cases, direct evidence of conspiracy is rarely obtainable. The unlawful agreement, which is the gist of the crime, is almost always entered into secretly, and hence it results that nearly all conspiracies must be proven by circumstantial evidence. As stated above, the circumstances proven in this case and the inferences properly deducible therefrom justify the conclusion that Simpson, with knowledge of the conspiracy on the part of his codefendants, aided them in carrying out their unlawful design. If he did this, he is equally guilty with them. Rudner v. U. S. (C. C. A. 6th) 281 F. 516.

[3] The only other point seriously pressed in the brief of defendants is alleged error in sustaining the demurrer to their plea in abatement. This plea alleged in substance that the witnesses shown by the indictment to have been examined before the grand jury did not have knowledge of the formation of any conspiracy, "and that said indictment was therefore made without probable cause." The plea was not verified, did not set forth the testimony before the grand jury, did not allege that the witnesses were incompetent, that the evidence heard was incompetent, that any of the grand jurors were disqualified, or that any of them was guilty of any improper conduct. That the District Judge was correct in sustaining the demurrer to the plea is too plain to warrant discussion. U. S. v. Farrington (D. C.) 5 F. 343; U. S. v. Nevin (D. C.) 199 F. 831; U. S. v. Thomas (D. C.) 145 F. 74; McGregor v. U. S., 134 F. 187, 69 C. C. A. 477. To use the language of Judge Goff in the McGregor Case, the plea "was simply an effort to revise the judgment of the grand jury, and was in fact an appeal from the jury to the court, for the purpose of determining whether or not the jury acted upon sufficient proof in finding the indictment."

The other points raised by the exceptions of defendants are wholly lacking in merit. There was no error, and the judgment of the District Court is affirmed.

Affirmed.