## UNITED STATES v. STEVENSON (NO. 2).

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 293.　Argued October 14, 15, 1909.—Decided November 29, 1909.

Where Congress has made an act a crime and indictable it follows that if two or more conspire to commit the act they conspire to commit an offense against the United States within the meaning of § 5440, Rev. Stat.; and so held in regard to conspiring to assist immigration of contract laborers in violation of § 4 of the Immigration Act of February 20, 1907, c. 1134, 34 Stat. 898.

It is within the power of Congress to regulate the punishment of crimes and it may make the punishment for conspiring to commit a crime greater than that for committing the crime itself.

THE facts are stated in the opinion.

*The Solicitor General* for the United States:

Even if indictment will not lie for a violation of § 4 of the Immigration Act of 1907, Congress has made that offense an express misdemeanor; and such statutory classification of the crime brings a conspiracy to commit it unmistakably within § 5440, Rev. Stat.　*Kentucky* v. *Dennison,* 24 How. 66, 99; *United States* v. *Van Schaick,* 134 Fed. Rep. 592; *Cohen* v. *United States,* 157 Fed. Rep. 651; *United States* v. *Tsokas,* 163 Fed. Rep. 129.

It is enough in any case to make an "offense against the United States" within the meaning of § 5440, Rev. Stat., that the offense which the conspiracy contemplates is a crime, in the fundamental sense of a prohibited public wrong, visited with personal punishment.　Neither the mode of prosecution nor the severity of the punishment for the offense is material.

*Moore* v. *Illinois,* 14 How. 13, 19; *Lees* v. *United States,* 150 U. S. 476; *Boyd* v. *United States,* 116 U. S. 616; *United States* v. *Britton,* 108 U. S. 199, distinguished.

As to the form of proceeding by which a violation of § 4 is to be prosecuted, it is enough to say that § 5440 looks solely to the nature of the act which the conspiracy contemplates, and not to the nature of the remedy given for that act. It is enough that the object of the conspiracy is an act criminal in its own quality. *United States* v. *Chouteau,* 102 U. S. 603.

The operation of § 5440 does not depend upon the amount or extent of punishment imposed for the "offense against the United States." Death, imprisonment, fine, forfeiture—each suffices, if the wrongful act is public in nature and therefore a crime. *Clune* v. *United States,* 159 U. S. 590.

For cases of conspiracy under § 5440 to commit offenses under the statutes regulating railroads, where only a money penalty attached to the offense, see *Thomas* v. *United States,* 156 Fed. Rep. 897; *United States* v. *Clark,* 164 Fed. Rep. 75; *Evans* v. *United States,* 153 U. S. 584, 587; *Coffin* v. *United States,* 156 U. S. 432, 448.

Assisting or encouraging the importation or migration of alien contract laborers is naturally and usually a course of action rather than a single act, and is therefore closely analogous to engaging in a business or occupation, which may be averred generally without details.

In an indictment for aiding and abetting a crime it is enough to say that the defendants aided and abetted, without particularizing the acts of aiding or abetting. Cases *supra* and *United States* v. *Simmons,* 96 U. S. 360, 363; *United States* v. *Mills,* 7 Pet. 138, 141.

*Mr. Herbert Parker, Mr. Charles C. Milton* and *Mr. Henry H. Fuller,* for defendant in error, submitted:

The demurrer to the second count was properly sustained. Section 4 of the Immigration Act of 1907 will not support an indictment for conspiracy under § 5440, Rev. Stat.

An offense against the United States which may be the basis for an indictment for conspiracy under § 5440 must be such an offense as will itself support an indictment. *United States* v. *Britton*, 108 U. S. 199; *United States* v. *Watson*, 17 Fed. Rep. 145, 148; *United States* v. *Payne*, 22 Fed. Rep. 426, 427.

Although § 4 has attempted to define a crime, there has been provided no punishment for such offense within the language of the act itself, other than the penalty recoverable by a judgment in a civil suit. As to the effect of this, see, and also distinguish, *United States* v. *Tsokas*, 163 Fed. Rep. 129, 131; *United States* v. *Van Schaick*, 134 Fed. Rep. 602; *United States* v. *Kellam*, 7 Fed. Rep. 843. The determination of the case of *United States* v. *Stevenson*, No. 292, simultaneously argued, must determine this case also, and, if it shall be held that § 4 of the Immigration Act of 1907 sets forth no offense for which an indictment will lie, then the demurrer to the second count must be sustained.

MR. JUSTICE DAY delivered the opinion of the court.

This case was argued and submitted with No. 292, just decided. The indictment herein in its second count charges a conspiracy, under § 5440 of the Revised Statutes of the United States, to commit the offense of assisting alien contract laborers to migrate into the United States, in violation of the statutes of the United States. Inasmuch as the court below had already reached the conclusion, in considering the former case (No. 292, *ante*), that assisting alien contract laborers was not punishable as a crime by indictment under the Immigration Act, it held that it followed that to conspire to assist such migration was not an offense against the United States within the meaning of § 5440 of the Revised Statutes of the United States. That section provides:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of

such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than one thousand dollars and not more than ten thousand dollars, and to imprisonment not more than two years."

Inasmuch as we have already held that Congress, in making the assistance of contract laborers into the United States a misdemeanor, has made the same a crime indictable as such under the Immigration Act of 1907, it must necessarily follow that if two or more persons, as is charged in the indictment under consideration, conspire to assist such importation, they do conspire to commit an offense against the United States within the terms of § 5440 of the Revised Statutes of the United States. In this view, applying the principles laid down in the opinion in case No. 292, *ante,* we think that the court below erred in sustaining the demurrer to the second count of the indictment. Nor does it make any difference that Congress has seen fit to affix a greater punishment to the conspiracy to commit the offense than is denounced against the offense itself; that is a matter to be determined by the legislative body having power to regulate the matter. *Clune* v. *United States,* 159 U. S. 590.

*Judgment reversed.*