UNITED STATES v. DAHL et al.

(District Court, W. D. Washington, N. D. July 1, 1915.)

No. 2976.

1. CONSPIRACY ⬀43—CRIMINAL OFFENSES—INDICTMENT—REQUISITES.

An indictment charging a conspiracy under Pen. Code (Act March 4. 1909, c. 321) § 37, 35 Stat. 1092 (Comp. St. 1913, § 10201), for a violation of Chinese Exclusion Act May 6, 1882, c. 126, § 11, 22 Stat. 58, as amended by Act July 5, 1884, c. 220, 23 Stat. 117 (Comp. St. 1913, § 4298), which alleges that defendants conspired and agreed together and together with divers "other persons to the grand jurors unknown," is good as against an objection that the conspiracy could not be entered into unless it included persons who were excluded by the act.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. ⬀43.]

2. CONSPIRACY ⬀43—CRIMINAL OFFENSES—INDICTMENT—REQUISITES.

An indictment charging a general conspiracy to bring into the country Chinese aliens not lawfully entitled to enter the United States need not set forth the names of the persons who were brought into the United States.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. ⬀43.]

3. CONSPIRACY ⬀43—CRIMINAL CONSPIRACY—INDICTMENT—SUFFICIENCY.

An indictment charging a conspiracy to violate a law of the United States need not set out the means by which the conspiracy is to be carried out, nor that the means were a part of the agreement or confederation, nor what part each conspirator should play, nor the character of the acts to be performed to effectuate the purpose, for it is the conspiracy to do the unlawful act that is the gravamen of the offense.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. ⬀43.]

4. CONSPIRACY ⬀43—CRIMINAL CONSPIRACY—INDICTMENT—REQUISITES.

An indictment charging a conspiracy under Pen. Code, § 37, for a violation of Chinese Exclusion Act 1882, § 11, as amended by Act July 5, 1884, need not charge a violation of the Exclusion Act with the same particularity necessary to charge a crime under the act, and an indictment alleging that defendants conspired and agreed together, and together with divers other persons to the grand jurors unknown, to violate the act, and then charging overt acts committed in furtherance of the conspiracy, is sufficient.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. ⬀43.]

Harry J. Dahl and another were convicted of a conspiracy. Motion in arrest of judgment denied.

Clay Allen, U. S. Atty., and Winter S. Martin, Asst. U. S. Atty., both of Seattle, Wash.

E. C. MacDonald, of Seattle, Wash., and Gordon & Easterday, of Tacoma, Wash., for defendant Dahl.

NETERER, District Judge. The indictment in this case charges a conspiracy, under section 37 of the Penal Code, for a violation of section 11 of the Chinese Exclusion Act of 1882, as amended. After

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

formal parts, count 1 alleges, "did unlawfully, willfully, knowingly, feloniously, wickedly, and maliciously conspire, combine, confederate, and agree together, and together with divers other persons to the grand jurors unknown," and then charges overt acts committed in furtherance of the conspiracy. ' Each of the counts in the indictment contains similar language, followed by the charge of overt acts. A formal demurrer was tendered by defendant Dahl, but was not 'argued. The case was tried, the jury returned a verdict of guilty, and a motion in arrest of judgment is made by·defendant Dahl.

[1] The sufficiency of the indictment is now vigorously attacked, and it is contended that the indictment does not charge a conspiracy to commit an offense against the United States, nor set forth with sufficient particularity the elements of the conspiracy, and that the overt acts set out are not overt acts in furtherance of any conspiracy; that the defendants who are charged with conspiring are not Chinese who are excluded by the act; and that the conspiracy to violate the act could not be entered into unless it included persons who were excluded by the act, as they necessarily must be parties to consummating the unlawful confederation. I think this part of the objection can be answered by reference to the indictment where it says, "together with divers other persons to the grand jurors unknown."

[2] The further objection that the names of the persons who were to be brought into the United States were not given in the indictment, I think, is answered by reference to the indictment, where it is alleged, in substance, that the conspiracy was a general conspiracy to bring in Chinese aliens not lawfully entitled to enter the United States. Williamson v. U. S., 207 U. S. 425–447, 28 Sup. Ct. 163, 52 L. Ed. 278.

[3, 4] An indictment must be free from ambiguity, uncertainty, and repugnance, and clearly state every ingredient of the offense charged. It is not necessary, however, to set· out the means by which a conspiracy is to be carried out; nor·that they are a part of the agreement or confederation; 'nor what part each conspirator is to play; nor the character of the acts to be performed to effectuate the purpose. It is the conspiracy to do the unlawful thing that is the gravamen of the offense.

[5] The offense charged is not of itself a crime under the Exclusion Act; hence the acts need not be charged with the same particularity. Reason suggests that in a charge of conspiracy to commit a crime, while the particular crime must be alleged, it need not' be set out with the same particularity in an indictment as a charge for the crime itself. 5 Ruling Case Law, 1083. This conclusion finds support in the recent decision of the Supreme Court, in which it held that a conspiracy to commit a crime under section 37 of the Criminal Code may be prosecuted, even though the time for prosecution of the crime itself has expired, if limitation under the conspiracy section has not elapsed. Justice Pitney, in U. S. v. William Rabinowich, 238 U. S. 85, 35 Sup. Ct. 682, 683, 59 L. Ed. ——, uses this language:

"It is apparent from a reading of section 37, Crim. Code (section 5540 Rev. Stat.); and has been repeatedly declared in decisions of this court, that a conspiracy to commit a crime is a different offense from the crime that is the·

object of the conspiracy. Callan v. Wilson, 127 U. S. 540, 555 [8 Sup. Ct. 1301, 32 L. Ed. 223]; Clune v. United States, 159 U. S. 590, 595 [16 Sup. Ct. 125, 40 L. Ed. 269]; Williamson v. United States, 207 U. S. 425, 447 [28 Sup. Ct. 163, 52 L. Ed. 278]; United States v. Stevenson (No. 2) 215 U. S. 200, 203 [30 Sup. Ct. 37, 54 L. Ed. 157]. And see Burton v. United States, 202 U. S. 344, 377 [26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362]; Morgan v. Devine (No. 685) 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. ——, decided this day. The conspiracy, however fully formed, may fail of its object, however earnestly pursued; the contemplated crime may never be consummated; yet the conspiracy is none the less punishable. Williamson v. United States, supra. And it is punishable as conspiracy, though the intended crime be accomplished. Heike v. United States, 227 U. S. 131, 144 [33 Sup. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128]."

In the same case the court says:

" * * * A conspiracy to commit an offense made criminal by the Bankruptcy Act is not of itself an offense 'arising under' that act, within the meaning of section 29d, and hence the prosecution is not limited by that section."

This was a prosecution under a charge of conspiracy to violate section 29d of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 554 [Comp. St. 1913, § 9613]), in which the indictment must be returned within a year. The indictment was not returned until after the expiration of a year, and the court concluded that, the conspiracy being the gist of the action, the limitation to apply was not under the bankruptcy provision which it was conspired to violate, but the limitation which applied to section 37, supra.

Section 11 of the act of 1882, as amended by the act of 1884, denounces the bringing into the United States of Chinese. Section 13 of the same act excepts from the general provisions diplomatic and other officers of the Chinese government, with their servants, and other exceptions appear by the act. The act of 1888 (Act Sept. 13, 1888, c. 1015, 25 Stat. 476) designates certain ports for admission of Chinese, and rule 1 of the regulations of the Department of Labor, governing the admission of Chinese, contains a further provision relating to the entry of Chinese into the United States through Canada, requiring an examination at Vancouver for entry at Sumas, the place charged for operation, and other places named. The allegations in the indictment, I think, bring the indictment within the rule of pleading, to fully advise the defendants of every fact which the government is required to set out. An indictment charging the unlawful bringing into the country of Chinese aliens manifestly would be insufficient unless it set out the facts with the particularity contended for by the defendant, and such contention is supported uniformly by authority. It is in this respect that the indictment differs from the authorities which have been presented by the defense, and which brings this indictment within the holding of the Court of Appeals of this Circuit in Wong Din v. U. S., 135 Fed. 702, 68 C. C. A. 340.

The motion is denied.