### TOWE v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. December 11, 1916.)

#### No. 1457.

1. CRIMINAL LAW ☞935(1), 1156(2)—NEW TRIAL—DISCRETION OF TRIAL COURT.

The granting or refusing of a new trial on the ground of the insufficiency of the evidence rests in the discretion of the trial court, which cannot be reviewed on writ of error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2297, 3068; Dec. Dig. ☞935(1), 1156(2).]

2. CRIMINAL LAW ☞968(8)—ARREST OF JUDGMENT—SCOPE.

A motion in arrest of judgment lies only for material errors on the face of the record; so an assignment of error complaining of the overruling of a motion in arrest on the ground that the judgment was without evidence to support it cannot be upheld, where the evidence was conflicting.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2437; Dec. Dig. ☞968(8).]

3. CRIMINAL LAW ☞1159(3)—APPEAL—CONVICTIONS.

A conviction based on conflicting evidence will not be disturbed on writ of error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3076; Dec. Dig. ☞1159(3).]

In Error to the District Court of the United States for the Western District of Virginia, at Abingdon; Henry Clay McDowell, Judge.

Robert Towe was convicted of removing and concealing spirits on which the tax had not been paid, in violation of Rev. St. § 3296 (Comp. St. 1913, § 6038), and he brings error. Affirmed.

L. P. Summers, of Abingdon, Va., for plaintiff in error.

R. E. Byrd, U. S. Atty., of Richmond, Va., and Joseph H. Chitwood, Asst. U. S. Atty., of Roanoke, Va.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. The plaintiff in error will hereinafter be referred to as defendant, and the defendant in error as plaintiff; such being the respective positions occupied by the parties in the court below. This case comes here on writ of error from the District Court of the United States for the Western District of Virginia.

The defendant was convicted on a charge of violating section 3296 of the Revised Statutes (Comp. St. 1913, § 6038), which relates to removing and concealing spirits on which the tax had not paid. The indictment contains two counts. The first count charges that the defendant did, on the 9th day of November, 1914, in Carroll county,

Va., unlawfully and feloniously remove, aid and abet in the removal of certain distilled spirits, to wit, ten gallons, on which the tax imposed by law had not been paid, from the distillery to a place other than the distillery warehouse provided by law. The second count charges that the defendant, at the same time and place, did conceal, aid and abet in the concealment of certain distilled spirits, to wit, ten gallons, which had theretofore been removed from a certain distillery, to the grand jurors unknown, to a place other than the distillery warehouse provided by law.

The jury returned a verdict of guilty, and counsel for defendant moved the court to set aside the verdict upon the ground that the same was contrary to the evidence and against the evidence. This motion was overruled, and the defendant was sentenced to two years in the penitentiary. There was no objection to the instructions given to the jury, nor was there objection to the admissibility of any evidence offered; the only exception being to the judgment of the court in overruling defendant's motion to set aside the verdict and grant him a new trial.

[1] The defendant bases his contention upon three assignments of error, the first being that:

"The court erred in refusing to set aside the verdict and grant a new trial, because same was without evidence to support it."

It is well settled that the granting or refusing of a new trial is within the discretion of the court, and that the refusal to grant such motion is not subject to review upon a writ of error. Newcomb v. Woods, 97 U. S. 518, 24 L. Ed. 1085; Indianapolis Railway Company v. Horst, 93 U. S. 291, 23 L. Ed. 898; Pocahontas Distilling Co. v. United States, 218 Fed. 782, 134 C. C. A. 566; Prichard v. Budd et al., 76 Fed. 710, 22 C. C. A. 504.

[2, 3] The second assignment of error is as follows:

"The court erred in refusing to arrest the judgment, for the reasons set forth in the bill of exceptions, as the same is against the evidence and without evidence."

An examination of the record discloses the fact that neither the bill of exceptions nor the judgment of the court show that any motion was made in arrest of judgment. A motion in arrest of judgment lies only for material error apparent on the face of the record. Even if the motion had been made at the proper time and in due form, nothing appears on the face of the record to support the same. While there is a conflict of evidence, nevertheless the evidence offered by the government was sufficient in our opinion to warrant the conviction of the defendant, and, the jury having determined the same, this court, in following the well-defined rule in such cases, will not disturb the verdict.

The third assignment of error is in the following language:

"The court erred in giving judgment against the defendant because of the errors previously made, and for other reasons to be assigned at bar."

In view of what we have said, this assignment is wholly without merit.

For the reasons stated, the judgment of the court below is affirmed.