### FISHER v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. June 8, 1926.)

No. 2482.

**1. Criminal law ⬥815(12).**

Instruction in prosecution for possession of liquor and conspiracy, under Criminal Code, § 37 (Comp. St. § 10201), to effect that defendant's participation in transportation and sale constituted conspiracy *held* erroneous, as eliminating element of agreement or understanding.

**2. Conspiracy ⬥24.**

"Conspiracy" exists whenever there is a combination, agreement, or understanding, tacit or otherwise, between two or more persons for purpose of committing unlawful act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

**3. Criminal law ⬥1091(2).**

Counsel for plaintiff in error must present to trial court bill of exceptions containing clear and concise statements of facts occurring at trial, which it is claimed show error.

**4. Criminal law ⬥1114(2).**

Circuit Court of Appeals is warranted in not considering assignments of error, when bill of exceptions does not set forth facts with sufficient clearness to enable court to pass on them intelligently.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Omie Fisher was convicted of possession and transportation of intoxicating liquors and of conspiracy, under Cr. Code, § 37, and he brings error. Reversed, and new trial granted.

J. Raymond Gordon, of Charleston, W. Va., for plaintiff in error.

Elliott Northcott, U. S. Atty., of Huntington, W. Va. (B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va., on the brief), for the United States.

Before WADDILL and PARKER, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

ERNEST F. COCHRAN, District Judge. The plaintiff in error, Omie Fisher, was indicted jointly with Charles Stockton and Homer Roberts. The first count of the indictment charged them with the unlawful possession and transportation of intoxicating liquors. The second count charged them with conspiracy under section 37 of the Criminal Code (Comp. St. § 10201). The particular conspiracy charged was a combination to possess and sell intoxicating liquors in violation of the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Stockton and Roberts entered a plea of guilty. Fisher was tried, convicted, and received a sentence of two years' imprisonment and $500 fine. Fisher alone has sued out a writ of error.

At the trial, Stockton and Roberts testified on behalf of the government. In substance, they testified that Fisher and Stockton had an arrangement with Roberts whereby Roberts was to dispose of intoxicating liquor for them, for which he was to receive $1

for every gallon that he sold for them or either of them. The government further had evidence to show that, on the day that Fisher was arrested, Roberts had called up for a gallon of whisky, and that Fisher drove a certain car back into an alley, and Stockton there placed some packages of whisky in the car. The car was then driven by one of them to a certain place, where Stockton took one package of the whisky and delivered it to Roberts, who carried it away, sold it, collected the money, and brought it to them. Later Stockton took another package of whisky from the car, and went away with it to deliver it, while Fisher stayed in the car. Fisher and Stockton were then arrested by a prohibition agent, and an examination of the car disclosed that it had a secret trap in which the officers testified whisky could be concealed.

There was testimony tending to show that the car belonged to Fisher's niece. Fisher admitted on the witness stand that he had driven the car at least a part of the trip, and that he knew that Stockton had placed two packages in the car, and that he thought that they contained liquor, but denied that he knew that it was liquor, and denied that he had any agreement or understanding of any kind with Stockton or Roberts for the possession, transportation, or sale of liquor. There was other evidence, both on the part of the government and of Fisher, but in the view we take of the case it is unnecessary to state it.

[1] The direct evidence and circumstances surrounding the transaction as testified by the government witnesses, if believed by the jury, would undoubtedly have warranted the jury in finding that a conspiracy existed, and, if the court had left it to the jury to find from this evidence that a conspiracy existed, we would not disturb the verdict rendered; but the court charged the jury, among other things, as follows:

"Now, as a matter of law, as I view it,— and, of course, that is my responsibility—if Fisher knew that was liquor, and drove that car around, and Stockton put it in there, and they came over to town, and did deliver it to Roberts, and Roberts then did deliver it, or sell it, to this other person, or persons, if you believe that beyond a reasonable doubt, that is a conspiracy in law. That, however, is solely a question of evidence for you, and not for me."

This portion of the charge was excepted to and assigned as error. We think the learned judge was in error in charging the jury that the facts recited by him in this portion of the charge necessarily and as a matter of law constituted a conspiracy.

[2] A conspiracy exists whenever there is a combination, agreement, or understanding, tacit or otherwise, between two or more persons, for the purpose of committing the unlawful act. U. S. v. Kissel, 218 U. S. 601, 607, 608, 31 S. Ct. 124, 54 L. Ed. 1168; Pettibone v. U. S., 148 U. S. 197, 203, 13 S. Ct. 542, 37 L. Ed. 419; Pierce v. U. S., 252 U. S. 239, 244, 250, 40 S. Ct. 205, 64 L. Ed. 542; Lucadamo v. U. S. (C. C. A. 2d) 280 F. 653, 656; Davidson v. U. S. (C. C. A. 6th) 274 F. 285, 287; Fisher v. U. S. (C. C. A. 4th) 2 F. (2d) 843, 845; Belvin & McGowan v. U. S., 12 F.(2d) 548 (C. C. A. 4th Circuit, No. 2444) decided April 14, 1926.

In the case of U. S. v. Kissel, supra, the Supreme Court used the following language:

"A conspiracy is constituted by an agreement, it is true, but it is the result of the agreement, rather than the agreement itself, just as a partnership, although constituted by a contract, is not the contract but is the result of it. The contract is instantaneous; the partnership may endure as one and the same partnership for years. A conspiracy is a partnership in criminal purposes."

The jury might have inferred, from the circumstances stated by the District Judge in the charge quoted, that there was a combination, understanding, or agreement, tacit or otherwise; but the circumstances referred to did not, in and of themselves alone, necessarily and as a matter of law, constitute a conspiracy. The practical effect of the court's charge was to withdraw from the jury all other circumstances and considerations, and to instruct them that, if they found that Fisher knowingly participated in the unlawful transportation and sale of the whisky by Stockton and Roberts, it would constitute a conspiracy. But we do not understand that mere participation in an unlawful act constitutes a conspiracy as a matter of law. The Supreme Court of the United States has repeatedly held that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. U. S. v. Rabinowich, 238 U. S. 78, 85, 35 S. Ct. 682, 59 L. Ed. 1211; Callan v. Wilson, 127 U. S. 540, 555, 8 S. Ct. 1301, 32 L. Ed. 223; Clune v. U. S., 159 U. S. 590, 595, 16 S. Ct. 125, 40 L. Ed. 269; Williamson v. United States, 207 U. S. 425, 447;[1] U. S. v. Stevenson (No. 2) 215 U. S. 200, 203, 30 S. Ct. 37, 54 L. Ed. 157; Burton v. U. S., 202 U. S. 344, 377, 26 S. Ct.

[1] 28 S. Ct. 163, 52 L. Ed. 278.

688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153. As was said by the court in the Rabinowich Case:

"The conspiracy, however fully formed, may fail of its object, however earnestly pursued. The contemplated crime may never be consummated; yet the conspiracy is none the less punishable. Williamson v. United States, supra [207 U. S. 425, 447, 28 S. Ct. 163, 52 L. Ed. 278]. And it is punishable as conspiracy, though the intended crime be accomplished. Heike v. United States, 227 U. S. 131, 144 [33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128]."

It is true that this court held in Fisher v. U. S., supra, 846, that a conspiracy is often proved by the overt act. But nowhere in that case did the court intimate that the overt act or consummated crime, necessarily and as matter of law, constituted a conspiracy. We think that the necessary result of this charge of the learned District Judge was to eliminate from the definition of conspiracy the element of an agreement or understanding or combination, and to make the consummated crime, which was the object of the conspiracy, a conspiracy in itself, and this we think was error of such a substantial nature as to require a new trial.

[3, 4] There are numerous other assignments of error, but we do not deem it necessary to consider them. Most of them are exceedingly trivial, and would need no discussion in any event. Some of them refer to matters that involve no important questions of law, and are not likely to occur at the next trial. As to some of them, the statement of facts upon which they are based, as found in the record, is so confused and uncertain that this court is unable to make a definite decision. It is the duty of counsel for the plaintiff in error to present to the trial court a bill of exceptions which shall contain a clear, succinct, and concise statement of the facts occurring at the trial which it is claimed show error. The statement of facts contained in the bill of exceptions in this case is far from clear in a number of particulars, and this court is warranted, under its rules, in not considerng those assignments of error, where the bill of exceptions does not set forth the facts with sufficient clearness to enable the court to pass upon them intelligently. While the judgment below must therefore be reversed, and a new trial granted, the reversal is based solely upon the error in the charge above stated.

Reversed.