**MASSENBERG et al. v. UNITED STATES.**

Circuit Court of Appeals, Fourth Circuit. April 12, 1927.

No. 2546.

1. Criminal law ⊙⟹911, 1156(1)—Ruling on motion for new trial is discretionary, and not reviewable.

Ruling on motion for new trial is discretionary, and not assignable as error.

2. Criminal law ⊙⟹972—Motion in arrest must be based on matters appearing of record.

That verdict is based on insufficient evidence is not ground for motion in arrest, which must be based on matters of record, or which should appear of record.

3. Criminal law ⊙⟹1036(8)—To be reviewable, objection of insufficiency of evidence should be raised before verdict.

The point that evidence was insufficient to sustain a count of the indictment should be made before verdict, by motion to direct a verdict on that count, by appropriate request for instructions, or by exceptions to the charge given; otherwise, it cannot ordinarily be reviewed on writ of error.

4. Criminal law ⊙⟹971(1)—Inconsistency of findings on different counts is no ground to arrest judgment.

Inconsistency between findings on different counts of indictment is not ground for motion in arrest of judgment.

5. Witnesses ⊙⟹345(4)—Witness may not be impeached by showing unproved charges against him.

Under the federal rule, a witness may not be asked on cross-examination, for purpose of impeachment, as to indictments against him on which he has not been convicted.

6. Criminal law ⊙⟹651(1)—Jury view is discretionary.

Permitting jury to view premises is discretionary with court.

7. Criminal law ⊙⟹925(1)—Denial of new trial for improper comments in jury's presence held discretionary.

Denial of new trial, asked on ground of improper comments made in presence of jury, *held* within discretion of court.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Ernest F. Cochran, Judge.

Criminal prosecution by the United States against J. O. Massenberg and J. W. Ebner. Judgment of conviction, and defendants bring error. Affirmed.

George F. Von Kolnitz and A. R. McGowan, both of Charleston, S. C. (Thomas P. Stoney, of Charleston, S. C., on the brief), for plaintiffs in error.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (J. D. Meyer, U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before ROSE and PARKER, Circuit Judges, and BAKER, District Judge.

PARKER, Circuit Judge. The plaintiffs in error, Massenberg and Ebner, hereinafter called defendants, were convicted of conspiracy to violate the National Prohibition Act, and of selling intoxicating liquors in violation thereof. They were indicted with three other defendants, Dukes, Goff, and Witt, under an indictment containing five counts, charging respectively conspiracy to violate the Prohibition Act, possession, transportation, and sale of intoxicating liquors, and giving information as to how intoxicating liquors might be obtained. The offenses charged in the second, third, fourth, and fifth counts of the indictment were charged as overt acts under the first or conspiracy count. As above stated, Massenberg and Ebner were convicted of conspiracy and sale. They were acquitted under the other counts, whereas Dukes and Goff were convicted of possession, transportation, and sale, but were acquitted of conspiracy. Witt was acquitted under all counts.

The points upon which Massenberg and Ebner rely are: .(1) That the evidence was not sufficient to warrant their conviction of the crime of conspiracy; (2) that the judgment should have been arrested for inconsistency in the verdict; (3) that defendants should have been allowed to cross-examine a government witness, for the purpose of impeachment, as to indictments for and charges of crime made against him, but as to which conviction had not been had; (4) that the jury should have been sent to view the premises where the testimony was that the negotiations for the sale of liquor were carried on; and (5) that a new trial should have been awarded on account of improper comments alleged to have been made in the hearing of the jurors during a recess of the court. We shall consider these in order.

[1, 2] The point as to the sufficiency of the evidence on a charge of conspiracy was not raised by motion for a directed verdict or in other proper manner. Defendants rely upon a motion in arrest of judgment and for a new trial, made upon this ground after verdict; but it is well settled that the granting or refusing of a new trial is a matter resting in the discretion of the trial judge, and that his action on such motion is not

assignable as error. Moore v. U. S., 150 U. S. 57, 14 S. Ct. 26, 37 L. Ed. 996; Blitz v. U. S., 153 U. S. 308, 14 S. Ct. 924, 38 L. Ed. 725; Sprinkle v. U. S. (C. C. A. 4th) 141 F. 811; Towe v. U. S. (C. C. A. 4th) 238 F. 557; Albert v. U. S. (C. C. A. 6th) 281 F. 511. And the motion in arrest of judgment must be based upon matters appearing of record or which should appear of record. 16 C. J. 1251, and cases cited. And that the verdict is contrary to the evidence, or is based on insufficient evidence, cannot be urged in support of such motion. Towe v. U. S., supra; Demolli v. U. S. (C. C. A. 8th) 144 F. 363, 6 L. R. A. (N. S.) 424, 7 Ann. Cas. 121; U. S. v. Marrin (D. C.) 159 F. 767; U. S. v. Erie R. Co. (D. C.) 222 F. 444.

[3] The point that there was no sufficient evidence to sustain the charge of conspiracy should have been raised before verdict, by motion to direct a verdict on that count, by appropriate prayers for instruction, or by exceptions to the charge. Loewenthal v. U. S. (C. C. A. 6th) 274 F. 563. Where the point is not thus saved, the sufficiency of the evidence cannot ordinarily be reviewed by writ of error. Tincher v. U. S. (C. C. A. 4th) 11 F.(2d) 18; Robins v. U. S. (C. C. A. 8th) 262 F. 126. In exceptional cases, to prevent serious injustice, the court will notice plain error not properly excepted to; but no such case is presented here. On the contrary, we have read the evidence, and it shows clearly, not only that the defendants were guilty of violating the Prohibition Act, but also that there existed between them that "partnership in criminal purposes" which is the essence of the crime of conspiracy. Belvin v. U. S. (C. C. A. 4th) 12 F.(2d) 548. Even if the point had been appropriately raised, therefore, there can be no question under the decisions of this court that the evidence was amply sufficient to sustain the verdict. See Fisher v. U. S. (C. C. A. 4th) 2 F.(2d) 843; Simpson v. U. S. (C. C. A. 4th) 11 F.(2d) 591; Belvin v. U. S., supra; Fisher v U. S. (C. C. A. 4th) 13 F.(2d) 756; Di Bonaventura v. U. S. (C. C. A. 4th) 15 F.(2d) 494.

[4] It is next urged that the judgment should have been arrested for inconsistency between the findings on the different counts of the indictment. We do not think that there is inconsistency between the findings; but, if there were, this would not constitute ground for arresting the judgment. Seiden v. U. S. (C. C. A. 2d) 16 F.(2d) 197; Gozner v. U. S. (C. C. A. 6th) 9 F.(2d) 603; Carrignan v. U. S. (C. C. A. 7th) 290 F.

189; 1 Zoline's Fed. Crim. Law and Procedure, § 451. As was well said by the Circuit Court of Appeals of the Sixth Circuit in the Gozner Case, supra:

"It is elementary that, where an indictment contains several counts, each count is, in contemplation of law, a separate and distinct indictment. It necessarily follows that the finding of the jury as to each one of such counts must be considered as an independent verdict, separate and distinct from, and not limited nor affected by, the findings of the jury as to the other counts."

There is nothing in Edwards v. U. S. (C. C. A. 4th) 266 F. 848, in conflict with the rule as stated here. That case merely decided that, where the only count upon which a defendant was convicted was materially defective, advantage could be taken of that defect in the appellate court. While mention was made of the inconsistency of the verdict, the reversal was based upon the defect of the only count in the indictment upon which a conviction was had.

[5] Error is assigned, in that the judge refused to allow defendants, on cross-examination of the principal witness for the government, to ask him by way of impeachment as to indictments against him in cases wherein he had not been convicted. The court ruled that the witness might be asked as to convictions of crime, but not as to indictments and accusations against him. This was clearly correct. The scope of the cross-examination is governed, of course, by the federal, and not by the state, practice. Rosen v. U. S., 245 U. S. 467, 38 S. Ct. 148, 62 L. Ed. 406; Hendrey v. U. S. (C. C. A. 6th) 233 F. 5; Erwin v. U. S., 37 F. 470, 488, 2 L. R. A. 229; 27 R. C. L. 57; 1 Zoline's Fed. Crim. Law and Procedure, p. 247. And in the view taken by the federal decisions the fact that an unproven charge has been made against one does not tend logically to prove his guilt of an offense or to affect the credibility of his testimony. Consequently it is not permissible, on cross-examination, even for the purpose of impeachment, to inquire as to indictments or accusations against the witness. Mitrovich v. U. S. (C. C. A. 9th) 15 F.(2d) 163; Dawson v. U. S. (C. C. A. 9th) 10 F.(2d) 106; Souza v. U. S. (C. C. A. 9th) 5 F.(2d) 9; Glover v. U. S. (C. C. A. 8th) 147 F. 426, 8 Ann. Cas. 1184; Coyne v. U. S. (C. C. A. 5th) 246 F. 120; Walker Grain Co. v. Blair Elevator Co. (C. C. A. 5th) 254 F. 422; 1 Zoline's Fed. Crim. Law and Procedure, p. 306. As bearing upon the question generally, see 2 Wigmore on Evidence

(2d Ed.) § 982, p. 366, and note 16 Ann. Cas. 872.

[6] Whether the judge should have permitted the jury to view the premises where the sales of liquor were said to have been negotiated was a matter resting in his sound discretion, and his action with respect thereto is not subject to review. 26 R. C. L. 1017.

[7] The denial of the motion for a new trial made on the ground of improper comments in the presence of the jury was also a matter resting in his sound discretion. Holmgren v. U. S., 217 U. S. 509, 521, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Mattox v. U S., 146 U. S. 140, 13 S. Ct. 50, 36 L. Ed. 917; Newcomb v Wood, 97 U. S. 581, 24 L. Ed. 1085; Sprinkle v. U. S. (C. C. A. 4th) 141 F. 811; Ader v. U. S. (C. C. A. 7th) 284 F. 13. It appears that the learned and careful judge who presided over the trial thoroughly investigated the facts with regard to the alleged improper comments, and concluded that they could not have influenced the verdict, and an examination of the record with regard to this matter convinces us that he correctly and wisely exercised the discretion reposed in him.

There was no error, and the judgment of the District Court is affirmed.

Affirmed.

The late Judge ROSE concurred in the decision that the judgment below should be affirmed, but died before he had an opportunity to pass upon the foregoing opinion.