848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Lester THOMPSON, Appellant,
 No. 87-5658.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 6, 1988.
Decided: May 24, 1988.
 
 James F. Wyatt, III, on brief, for appellant.
 Thomas J. Ashcraft, United States Attorney; David A. Graham, Assistant United States Attorney; Thomas E. Booth, Department of Justice, on brief, for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The defendant was a United States Postal Service employee at the general mail facility in Charlotte, North Carolina. It was the defendant's job to feed mail into, and to sort mail after it was processed by an optical character reader (OCR). An OCR electronically reads and sorts mail at an extremely high rate of speed. The defendant was working on what is described as OCR No. 3. In the room where this activity is conducted, there is a look-out gallery above the area where the work is conducted. This gallery consists of an enclosed walkway suspended from the ceiling of the room at a point about 9 feet from the floor of the workroom. An observation window is located about every 12 feet in the gallery. The purpose of such windows is to enable postal inspectors to observe postal employees at their work. Employees cannot tell when they are being observed from a window in the gallery.
 
 
 2
 The defendant was tried in a superseding indictment, charging him under Section 1703(a), 18 U.S.C. (delaying distribution of mail or newspapers) with the unlawful opening of the mail, while engaged in processing mail at the Charlotte mail facility, on six occasions, five of which had occurred on May 26, 1987 and the sixth on May 27, 1987. The evidence submitted at trial in support of the prosecution, represented (1) the testimony of three postal inspectors who had observed the defendant at his work from the observation window in the gallery, located, according to at least one of the witnesses, "directly above" the defendant at work; (2) a video tape of the defendant's observed wrongful actions filmed from the look-out window; (3) a search of the defendant, after Miranda warnings, of certain concealed monies on the defendant; and (4) proof that in one instance the denominations and form of the money discovered concealed on defendant's person matched partially the money that the sender of one piece of mail had placed in a piece of mail allegedly opened by the defendant. The Government also offered in evidence a picture of the workroom where defendant had been observed and the testimony of an expert on the operation of the OCR. The defendant, on the other hand, in his presentation attacked the reliability of the testimony of the postal inspectors who had allegedly observed his opening mail and extracting objects from it. It was his position that, from their vantage point, the inspectors had claimed to observe certain markings on the mail allegedly removed by the defendant, which could not have been seen by the inspectors. He requested that the jury be permitted to view the mailroom and to view the defendant's workplace from the gallery window used by the inspectors in their observation of the defendant. The district judge refused the request. The case was then submitted to the jury, which convicted the defendant on two counts of the indictment and acquitted him on four of the counts.[1] The appellant has now appealed his conviction. We affirm.
 
 
 3
 The sole claim of error assigned by the defendant on appeal is the denial by the district judge of his motion to allow the jury to view the workplace and to make observations from the gallery window used by the inspectors. The district judge has given a number of reasons for refusing the request. Perhaps the strongest ground for the district judge's ruling was the impracticability of the request. To have granted the request would have presented considerable difficulty in transporting the jury and court personnel to the mail facility and in arranging for the viewing, especially through the gallery windows. The gallery itself is narrow and, while in use for observation purposes, "is kept pitch black." To pack the jury in the gallery in the dark and to allow each juror to look through the gallery window would have posed a real problem for court personnel. Further, the postal inspectors had made a videotape of a part of their observations of the defendant. This video tape was not challenged and clearly demonstrated whether the inspectors could observe clearly the defendant at work from the gallery window. This video tape provided far better evidence of the disputed issue than any ill-arranged view of the workplace by the jury could. Moreover, the postal inspectors were subject to extensive cross-examination. All in all, as the district judge ruled, "A jury view [of the workplace from a gallery window], and all the difficulties it would have involved, would have added little, if anything, to the evidence presented and developed by the parties at trial." The request was accordingly denied.
 
 
 4
 The defendant concedes that a district judge's refusal to allow the jury to view the scene of the crime will be reversed only for an abuse of discretion. Massenberg v. United States, 19 F.2d 62, 64 (4th Cir.1927); United States v. Martinez, 763 F.2d, supra, at 1305; United States v. Drougas, 748 F.2d, supra, at 30-1; United States v. Gallagher, 620 F.2d, supra, at 801. We find no abuse of discretion in the action of the district judge in this case in refusing to order a viewing by the jury of the scene of the crime.
 
 
 5
 The judgment of conviction herein is accordingly
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 It is suggested in one of the briefs that the four counts on which the defendant was acquitted involved observations of the defendant by an inspector whose credibility at trial was seriously assailed, and this fact is cited in explanation of the acquittal on these counts. Whether this suggestion is accurate or not, is not, however, material nor will it in any way affect the convictions on the other two counts. The fact that photographs of the scene are available is important in sustaining the trial judge's discretion. United States v. Martinez, 763 F.2d 1297, 1305 (11th Cir.1985); United States v. Drougas, 748 F.2d 8, 30-1 (1st Cir.1984); United States v. Gallagher, 620 F.2d 797, 801 (10th Cir.1980), cert. denied, 449 U.S. 878 (1980)