UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4000

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAREN GADSDEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (CR-05-297-WDQ)

Submitted:  December 22, 2006        Decided:  January 31, 2007

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marc L. Resnick, Washington, D.C., for Appellant.  Rod J. Rosenstein, United States Attorney, Stephanie A. Gallagher, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daren Gadsden was convicted after a jury trial of one count of bank robbery in violation of 18 U.S.C. § 2113 (a) & (f) (2000), and was sentenced to twenty-four months in prison. Gadsden timely appealed and asserts the trial court erred in denying his motion to suppress, his motion for judgment of acquittal and his motion for a jury view of the crime scene. Finding no error, we affirm.

Gadsden contends the district court erred in denying his motion to suppress statements he made while being interrogated by police following his arrest. Gadsden claims his admission he was in the 1st Mariner Bank just prior to the robbery--but claiming he went there to make a deposit--was the result of coercion. This court reviews legal conclusions underlying a district court's suppression determination de novo, but reviews factual findings under a clearly erroneous standard. See United States v. Rusher, 966 F.2d 868, 873-74 (4th Cir. 1992).

The ultimate due process test for confessions is one of voluntariness. Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973). A confession violates due process and must be suppressed only if it was obtained by tactics that overbore a suspect's will and critically impaired his capacity for self-determination. Id. at 225-26. Whether a confession is voluntary must be determined from an examination of "the totality of all the surrounding

circumstances--both the characteristics of the accused and the details of the interrogation." Id. at 226.

The characteristics of the suspect that should be considered include his age, education and intelligence. Id. The setting and details surrounding the taking of the confession should also be considered, such as the length and conditions of detention and the frequency and duration of the questioning. Id.; United States v. Wertz, 625 F.2d 1128, 1134 (4th Cir. 1980). The administration of Miranda warnings is also a significant factor. Schneckloth, 412 U.S. at 226; Davis v. North Carolina, 384 U.S. 737, 739-40 (1966). While heavy weight must also be given to the use of physical mistreatment, Reck v. Pate, 367 U.S. 433, 440 (1961), the use of psychological pressure may also render a confession involuntary. See Ferguson v. Boyd, 566 F.2d 873, 877 (4th Cir. 1977) (quoting Blackburn v. Alabama, 361 U.S. 199, 206 (1960)). Ultimately, "none of these various factors is to be considered in isolation, nor may the determination [of voluntariness] rest solely upon any one circumstance." Wertz, 625 F.2d at 1134. When a confession is challenged at trial, the prosecution bears the burden of proving by a preponderance of the evidence that the confession was voluntary. Lego v. Twomey, 404 U.S. 477, 489 (1972).

We conclude the district court correctly denied Gadsden's motion to suppress. During the suppression hearing, Detective Carl

Klapaska testified that the police interrogation of Gadsden was voluntary and non-coercive. In fact, Gadsden does not deny he was read <u>Miranda</u> warnings before he gave his statement and then voluntarily signed a <u>Miranda</u> card waiving those rights and asserting his statements were voluntary. Gadsden also informed police during the interrogation that he had completed two years of college.

Gadsden claims on appeal that his statement was inherently coercive, because police removed his clothing. The record confirms Gadsden's outer clothing was legitimately taken from him as evidence of his crime, he was given a hospital gown and booties to wear during the interrogation, another hospital gown with which to cover his lower body, and that the interrogation lasted only a little more than one hour. The record also reveals that police removed Gadsden's handcuffs during the interview and inquired of Gadsden whether he desired anything to drink or eat, to which he responded he needed nothing. Accordingly, we conclude the district court did not err in denying Gadsden's motion to suppress his statement admitting he entered the 1st Mariner Bank just prior to the robbery.

Gadsden also claims the district court erred in denying his motions for judgment of acquittal because the evidence was insufficient to submit the case to the jury. This court reviews the denial of a Fed. R. Crim. P. 29 motion de novo. <u>United States</u>

<u>v. Alerre</u>, 430 F.3d 681, 693 (4th Cir. 2005).  Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  <u>Alerre</u>, 430 F.3d at 693 (internal quotations and citation omitted).

This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982).  This court "may not weigh the evidence or review the credibility of the witnesses."  <u>United States v. Wilson</u>, 118 F.3d 228, 234 (4th Cir. 1997).  If evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe."  <u>United States v. Murphy</u>, 35 F.3d 143, 148 (4th Cir. 1994).  A defendant challenging the sufficiency of the evidence faces a heavy burden.  <u>United States v. Beidler</u>, 110 F.3d 1064, 1067 (4th Cir. 1997).

A review of the trial transcript reveals the evidence was sufficient to establish Gadsden aided and abetted Tyrone Jefferson

in the robbery of the 1st Mariner Bank.  The Government produced numerous witnesses who testified Gadsden drove Jefferson to rob the 1st Mariner Bank and that Gadsden "cased" both the 1st Mariner and Sandy Springs Banks prior to the robbery.  Although Jefferson testified Gadsden had no knowledge of the robbery that was about to occur, the jury's disregard of this testimony was a credibility determination that should not be disturbed on appeal.  See Wilson, 118 F.3d at 234.  Accordingly, because the Government's evidence was sufficient to support a guilty verdict, we conclude the district court did not err in denying Gadsden's Rule 29 motions.

Gadsden also claims the district court erred in denying his motion for a jury view of the crime scene because the audiovisual presentation of the crime scene by the Government was "absolutely useless in informing the jury as to the witnesses' ability to actually identify Gadsden from their vantage points." This court has held that the trial court's decision to permit a jury to view the premises where criminal activity allegedly occurred is "a matter resting in his sound discretion." Massenberg v. United States, 19 F.2d 62, 64 (4th Cir. 1927).  The fact that photographs of the scene are available for the jury to review is important in sustaining the trial judge's discretion. See United States v. Martinez, 763 F.2d 1297, 1305 (11th Cir. 1985); United States v. Drougas, 748 F.2d 8, 30-1 (1st Cir. 1984); United States v. Gallagher, 620 F.2d 797, 801 (10th Cir. 1980).

We conclude the district court did not abuse its discretion in denying Gadsden's motion for a jury view. The Government produced an audiovisual presentation of the crime scene and allowed witnesses to describe the crime and their various vantage points before, during and after the commission of the robbery. Although Gadsden claims there was confusing testimony at trial about the various positioning of witnesses during their observations of him on March 1, 2005, a review of the record reveals that witnesses clearly indicated where they were when they observed Gadsden driving a red convertible in the banks' parking lots.

Moreover, the Sandy Springs Bank teller who positively identified Gadsden was only a few feet away from him when he entered the bank and approached the teller's station. Given the numerous photographs of the crime scene presented by the Government and the close proximity of witnesses to the crime, we conclude the district court did not abuse its discretion in denying Gadsden's motion for a jury view.

Accordingly, we affirm Gadsden's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED