**UNITED STATES of America**

v.

**John Calvin SMITH and Wayland Smith.**

**Cr. No. 16605.**

United States District Court
E. D. Tennessee, N. D.

June 1, 1961.

---

7. Iowa Code Section 189.15 (1958), I.C.A.

**228**

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

Fred J. Moses, Jr., Earl E. Leming, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

Before the Court is the motion of John Calvin Smith and Wayland Smith to dismiss the indictment in this case upon two grounds: (1) That the charges made do not constitute an offense under Title 18–371 or Title 18–2314. (2) That the charges in the indictment do not constitute an offense against the United States.

The indictment is based on the conspiracy statute contained in Title 18 U.S.C. § 371. The federal statute which the defendants are charged to have violated is Title 18 U.S.C. § 2314.

The charges are that defendants conspired and agreed among themselves and with other persons to the grand jury unknown, to transport and cause to be transported in interstate commerce with fraudulent intent, "falsely made, forged, and counterfeited securities, knowing the same to have been falsely made, forged and counterfeited".

Fourteen overt acts are charged to have been committed in furtherance of the conspiracy. Defendant Holder is alleged to have obtained approximately twelve blank numbered check forms of the payroll account of Lewis Brothers Construction, Ltd., drawn on the Canadian Bank of Commerce, Cornwall Branch, Ontario, Canada, from Ronald Herbert Bissonnette; that these blank check forms were turned over to defendants Smith and LaRue for the purpose of having them fill out the check forms to resemble bona fide payroll checks; that Smith and LaRue filled out some of the checks in various amounts payable to the order of J. B. Chambers; that the checks, after they were filled out, were returned to defendant Holder, and Holder attempted to cash some of them in Knoxville, and transported them in interstate commerce; and, that other checks were handled by the various defendants and other parties in the same manner.

It is obvious from the foregoing that the device used by the defendants in the commission of their alleged frauds and attempted frauds was the blank payroll check forms of the Canadian corporation.

The question for decision is whether or not Title 18 U.S.C. § 2314 covers the offenses with which the defendants are charged.

The pertinent part of this section is as follows:

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities knowing the same to have been falsely made, forged, altered, or counterfeited"

shall be punished as provided by the penalty portion of the statute.

The defendants, John Calvin Smith and Wayland Smith, contend that this statute only applies to persons who actually transport falsely made securities in interstate commerce; that since they are not charged with the actual trans-

portation, that the statute does not apply to them. This contention is without merit for the reason that some of the alleged conspirators are charged with actual transportation and if the Smiths were co-conspirators and the transportation was done in furtherance of the conspiracy, they would be bound by the acts of their co-conspirators. Moreover, 18 U.S.C. § 2(b) provides that one who causes an act to be done to violate the federal law is punishable as a principal.

This issue was decided adversely to the contention of the defendants in the case of Hubsch v. United States, 256 F.2d 820 (C.A.5). See Pereira et al. v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489.

However, Title 18 U.S.C. § 2314 has a limiting provision, namely, that it "shall not apply to any falsely made, forged, altered, counterfeited or *spurious representation* of an obligation or other security of the United States, or of an obligation, bond, certificate, security, treasury note, bill, promise to pay or bank note issued by any foreign government or by a bank or corporation of any foreign country." (Emphasis added.)

It seems obvious from this quoted language that the statute does not apply to "spurious representation of an obligation or other security of the United States", or a bank or corporation of any foreign country. The defendants are charged with transporting or causing to be transported spurious obligations of a Canadian corporation, namely, Lewis Brothers Construction Company (Ontario), Ltd.

In order to violate the conspiracy statute, the conspirators must conspire to violate one or more federal statutes. Heike v. United States, 2 Cir., 192 F. 83; United States v. Haas, C.C., 163 F. 908; Radin v. United States, 2 Cir., 189 F. 568; United States v. Thomas, D.C., 145 F. 74.

The defendants are only charged with conspiring to violate Title 18 U.S.C. § 2314. This section does not apply to spurious obligations of foreign corporations. The overt acts show that defendants only dealt with spurious obligations of a foreign corporation; hence, they are not subject to prosecution under this statute.

For the reasons indicated, the motion to dismiss of the defendants is sustained.