**Donald Forrest WILLIAMS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 24974.**

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1968.

Leonard R. Mellon, Miami, Fla., for appellant.

Michael J. Osman, William A. Daniel, Jr., Asst. U. S. Attys., Miami, Fla., for appellee.

Before WISDOM and AINSWORTH, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

Donald Forrest Williams was convicted on a jury verdict of guilty under a one-count indictment which charged a violation of the federal bank robbery statute.[1] The only issue raised by appellant that merits discussion is that the conduct of the appellant, if any, that resulted in his obtaining money from the Airport National Bank of Miami merely constituted

---

1. 18 U.S.C. § 2113(b): "Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

"Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

obtaining money by false pretenses and, consequently, was not a federal crime.

The evidence, to the extent here pertinent, reflected that Williams left the employment of Armored Express Service on January 17, 1966. He failed to return the company uniform. On January 20, 1967, an unidentified person, wearing a uniform of the Armored Express Service, entered the Airport National Bank of Miami, pushing a hand truck similar to those used by employees of Armored Express Service for picking up money. This individual obtained from the bank teller $24,000, which was in two bags intended for delivery to a local pharmacy and three bags intended for delivery to an airline company. Receipts were given by the unidentified individual to the teller. Williams was identified as being in the bank during this transaction. Shortly after the money was turned over to the imposter by the bank teller, the true armored car operator arrived at the bank, at which time the crime was discovered. Investigation reflected that the hand truck had been purchased by Williams on the same day that the money was obtained from the bank and that Williams' right thumbprint appeared on one of the receipts given to the bank teller.

In Thaggard v. United States, 354 F. 2d 735 (5 Cir. 1965), a case where the defendant fraudulently took advantage of a bank's bookkeeping error and withdrew $43,000 from the bank, which conduct constituted the basis for a conviction under Section 2113(b), this Court, in response to a contention that, in order to be guilty of a violation of the federal bank robbery statute, the Government must prove a case of common law larceny, stated:

"At the outset it will be noted that the Federal statute makes no mention of 'larceny;' it is couched in terms of 'steal and purloin,' and this is what was charged in the indictment. Nevertheless appellant confidently bases his contention on the dictum in United States v. Rogers (4 Cir.) 1961, 289 F. 2d 433, where the Court said at page 437, 'We accept the defendant's premise that paragraph (b) of the bank robbery act reaches only the offense of larceny as that crime has been defined by the common law.' With great deference to the views of the Court of Appeals for the Fourth Circuit, we cannot agree with this conclusion. We believe that as to this matter the Supreme Court's decision in United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430, leads to a contrary result."

We are of the opinion that the *Thaggard* decision is correct and is here controlling. The judgment of conviction is therefore

Affirmed.