**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bernard FERRARO, Jr., Defendant-Appellant.**

No. 26402.

United States Court of Appeals Fifth Circuit.

July 31, 1969.

Robert H. Newman, Miami, Fla., for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., Lloyd G. Bates, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before TUTTLE and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

TUTTLE, Circuit Judge.

The appellant was convicted of aiding and abetting an employee of a federally insured savings and loan association in embezzling, abstracting and purloining $19,575 entrusted to the association. The appellant challenges the sufficiency of the evidence to sustain the charge of aiding and abetting.

The appellant and Lois Gilbert lived together, although they were not married. Miss Gilbert was a teller at the savings and loan association. On May 12, 1967, the appellant picked her up after work. The appellant had very little income and Miss Gilbert had been providing substantially all the money needed to support the couple. He drove

her car, and it was common for him to pick her up at the association after she completed work.

On this day, Miss Gilbert carried a bag containing $19,000 in cash. She got into the car and they drove away. Shortly thereafter she told the appellant that she had taken the money from the bank and showed him the money. He immediately drove to their apartment, which was close to the savings and loan association. The appellant admitted he realized a crime had been committed after they got to the apartment. No attempt was thereafter made to return the money or undo what Miss Gilbert had done. They fled the city. The appellant clearly made the decisions as to where the couple would go and on what the money would be spent.

The government attempted to prove that the appellant and Miss Gilbert had previously planned the crime. In addition to the fact of living together and appellant's unemployed status, the proof was an admission by Miss Gilbert that the appellant, in a joking manner, had made remarks about "bringing samples home," etc. She stated that almost everyone else she knew had made similar remarks at one time or another. Miss Gilbert and the appellant both testified that there was no prior scheme. Miss Gilbert said she acted on her own on impulse.

Miss Gilbert was tried separately and the government dismissed the prosecution. The reasons do not appear in this record.

The appellant alleges two errors. First, a directed verdict should have been granted because the government failed to make out a prima facie case. This argument is based on the assumption that Ferraro was not shown to have participated in the crime until after it was completed and therefore he could not be convicted as an aider and abettor. Second, the appellant says it was error for the district judge to have given the jury instructions as to what constituted an "accessory after the fact" each time

he gave the instructions as to what constituted aiding and abetting. The appellant seems to argue that giving the two definitions confused the jury because he had not been indicted for being an "accessory after the fact." We do not reach the second contention because of the disposition we make of the case.

If the "embezzling, abstracting and purloining" of the money was not complete until the couple reached their apartment then clearly the government made out a prima facie case against appellant. He began to plan their flight while there and he exercised dominion over the money. However, appellant says there was insufficient evidence to support a finding that he was in any way involved in the scheme before then. He says that because he was unemployed, they lived together, and he had jokingly asked her if she had any "samples" does not provide proof that he planned the robbery with Miss Gilbert. They both took the stand and denied such a plan.

The government says if "under the circumstances revealed, the jury might reasonably infer defendant's prior participation," then the conviction must stand. For then it is clear that appellant aided and abetted Miss Gilbert in embezzling, abstracting or purloining the money. Also the government said that there was no need to prove a pre-existing agreement—appellant's action after Miss Gilbert took the money was enough.

The indictment charged Miss Gilbert and the appellant as principals under Title 18, U.S.C.A., Sections 657 and 2. The proof showed that the money was embezzled by Miss Gilbert, the savings and loan association employee. Despite earnest attempts to do so at trial, the government was unable to prove any prior planning on the part of of the appellant, or even any prior knowledge on his part, of the offense. Miss Gilbert testified that she put the money in a shopping bag and left the institution on an impulse.

The government's brief describes the offense as follows:

"On May 12, 1967, Gilbert embezzled the sum of $19,575.41 (R. 98, 170). Defendant picked up Gilbert on the bank's parking lot (R. 103, 177). At some time shortly thereafter, Gilbert showed defendant the shopping bag in which she had put the money she *had* embezzled" (R. 177, 178). (Emphasis supplied).

Whether she "embezzled," "abstracted" or "purloined" the money, whichever it was or whatever combination it was, her offense was complete when she walked out of the bank with the money in her possession and met the appellant on the parking lot. If she had been arrested at that moment a claim on her behalf that the crime was not complete clearly would not stand. The offense was complete in every detail. The appellant was nowhere present, actually or constructively, was doing nothing to aid her and did not know that she even contemplated taking the money during any of this time. In other words, the theft was an accomplished fact when he learned of it. He did nothing to aid and abet its commission. As urged by the appellant below and here, he might have been charged as an accessory after the fact because of his joining in the flight and in the use and concealment of the stolen money.

Under holdings of this Circuit in Thaggard v. United States, 5 Cir. 1965, 354 F.2d 735, cert. denied 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301, and Williams v. United States, 5 Cir. 1968, 402 F.2d 258, 259, he could have been charged as a receiver of the stolen money under Title 18, U.S.C.A., Section 2113(b) and (c) [1].

But he was not so charged. The government should be required to prove the offense charged, not some other offense. This it clearly failed to do. The judgment of conviction therefore cannot stand.

The judgment is reversed and remanded to the trial court for entry of a judgment of acquittal.

[1]. " § 2113. Bank robbery and incidental crimes.

(a) * * *

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

"(c) Whoever, receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker."