**UNITED STATES of America**

v.

**Jorge Aviles ORTIZ.**

**No. SA77CR257.**

United States District Court,
W. D. Texas,
San Antonio Division.

Dec. 21, 1977.

---

Jamie C. Boyd, U. S. Atty., W. Ray Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

James M. Holbrook, San Antonio, Tex., for defendant.

### ORDER DENYING MOTION TO DISMISS INFORMATION

SPEARS, Chief Judge.

On this the 21st day of December, 1977, came on for consideration the Defendant's Motion to Dismiss the information in this cause for failure to state a crime on which a conviction could be based; and it appears to the Court that the Defendant's motion should be denied. The Defendant is charged with a violation of 18 U.S.C. § 2314, which provides in pertinent part:

Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities . .

knowing the same to have been falsely made, forged, altered, or counterfeited . . . [shall be guilty of an offense.]

. . . . .

This section shall not apply to any falsely made, forged, altered, counterfeited or spurious representation of . . . an obligation, bond, certificate, security, treasury note, bill, promise to pay or bank note issued by any foreign government or by a bank or corporation of any foreign country.

It is the Defendant's contention that the actions with which he is charged by the instant information (to which he has entered a plea of guilty) fall within the statutory exclusion of 18 U.S.C. § 2314.

It appears to this Court that the Defendant did forge the signatures and certification on what was purportedly a certified check issued by the Banco Longoria, Nuevo Laredo, Mexico, in the amount of $11,-552.56, payable to the Holt Machinery Company, and that he did transport this forged and spurious security in interstate commerce, with knowledge and unlawful intent, as charged in the information. It further appears to this Court that the exclusion from the coverage of 18 U.S.C. § 2314 of certain obligations and securities "issued by any foreign government or by a bank or corporation of any foreign country" is ambiguous, since more than mere location in a foreign country is implied by the use of the preposition "of", and since the use of the term "issued" implies, as the government argues, that Congress intended to exclude only governmental obligations, such as bank notes issued for use as currency, from the purview of section 2314.

The Government has stated that the forged and falsely made check here in issue was the check of a private Mexican corporation, purportedly issued as a certified check by the Banco Longoria, a private bank not directly connected with the Mexican government in any way. The Defendant does not challenge this; however, the Defendant argues that the ambiguous exclusion contained in section 2314 must be con-

strued in his favor. "But whatever may be said of the rule of strict construction, it cannot provide a substitute for common sense, precedent, and legislative history." *United States v. Standard Oil,* 384 U.S. 224, 225, 86 S.Ct. 1427, 1428, 16 L.Ed.2d 492 (1966). Statutory construction cannot be undertaken in a vacuum. *Id.* at 226, 86 S.Ct. 1427. Rules of construction exist to aid in the discovery of the will of the legislature; they should not be used to defeat the obvious legislative intention. *Huddleston v. United States,* 415 U.S. 814, 831, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974).

An examination of the legislative history of 18 U.S.C. § 2314 and related statutes reveals that the statutory exclusion should not be held to apply to a private, certified check (purportedly) drawn on a private bank such as the Banco Longoria. The offense with which the Defendant is charged originated as a 1939 amendment to the National Stolen Property Act, at which time the statutory exclusion was added also. According to the House Committee on the Judiciary, "[c]ounterfeited securities of the United States and foreign governments [were] exempted by a proviso because they [were] dealt with adequately by the other provisions of existing law." H.R.Rep.No. 422, 76th Cong., 1st Sess. 1 (1939). The "other provisions of existing law" referred to were the statutes relating to counterfeiting which prohibited the possession of counterfeit Government or foreign obligations. Letter from the U.S. Attorney General to William G. Bankhead, Speaker of the House, Dec. 29, 1938, in H.R.Rep.No.422, 76th Cong., 1st Sess. 3 (1939). The first statute enacted to punish counterfeiting offenses pertaining to the notes, bonds and other securities of foreign governments was the Act of May 16, 1884, ch. 52, §§ 1–6, 23 Stat. 22. In construing the act, the United States Supreme Court indicated clearly that the foreign securities within its scope were those "put out under the sanction of public authority at home, and sent abroad as the subjects of trade and commerce," which "enter into and form part of the circulating medium of exchange—the money—of a country." *United States v. Arjona,* 120 U.S. 479, 486, 7 S.Ct. 628, 631, 30 L.Ed.2d 728 (1887). Analogies were drawn to United States treasury notes and to "bank bills issued by banks created under [state] authority and subject to [state] control." *Id.* The other cases that have since construed the statutes prohibiting counterfeiting offenses involving foreign securities or obligations have taken a similar view. *See, e. g., Forlini v. United States,* 12 F.2d 631, 633 (2d Cir. 1926): "From [the Act of May 16, 1884], . . . it is clear that the Congress recognized that there were two classes of money and currency, to wit, that of a foreign government and that of a bank or corporation authorized by a foreign government, and having the same legal circulation as the currency of the foreign government. It treated with both. . . ." Nor has this Court found any case which has construed the statutes prohibiting counterfeiting offenses involving foreign securities (now codified at 18 U.S.C. §§ 478–83) as extending to prohibit the forgery, etc. of a purely private check drawn on a private foreign bank.

Because Congress enacted the statutory exclusion to what is now 18 U.S.C. § 2314 intending to exclude only those offenses then punished under earlier laws prohibiting the forging or counterfeiting of foreign securities, and because 18 U.S.C. §§ 478–83 and their predecessors have always encompassed only foreign securities or obligations which are quasi-governmental in nature, serving as currency or an equivalent, it appears to this Court that Congress did not intend to exclude offenses such as the one this Defendant has committed from the scope of 18 U.S.C. § 2314. The statutory exclusion contained in this section is no longer ambiguous when the legislative history is consulted; the legislative intention behind the law is clear. "If an absolutely literal reading of a statutory provision is irreconcilably at war with the clear congressional purpose, a less literal construction must be considered." *United States v. Campos-Serrano,* 404 U.S. 293, 298, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971). Accordingly, it is

ORDERED that the Motion to Dismiss the information filed in this cause is hereby, and in all things, DENIED.

IT IS SO ORDERED.