# UNITED STATES of America, Appellee,

v.

## Walter Wesley JOHNSON, Appellant.

### No. 78–1124.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1978.

Decided May 18, 1978.

J. Steven Clark, Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty., and Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

This case presents the question of whether taking money through trickery from a

teller at a banking institution is "stealing" or "purloining" money, and as such, a federal crime under 18 U.S.C. § 2113(b) (1976). We hold that it is, and affirm the conviction of Walter Wesley Johnson.

According to the testimony introduced by the prosecution at trial, which the parties have reduced to a statement of stipulated facts, Mr. Johnson entered Pulaski Federal Savings and Loan in North Little Rock, Arkansas, on October 18, 1977. After entering the bank, Mr. Johnson approached the teller window manned by Mrs. Karl Schmidt, handed her four twenty and two ten-dollar bills, and requested a one-hundred-dollar bill.

Mrs. Schmidt handed Mr. Johnson a hundred-dollar bill and then turned away to place the other bills in her cash drawer. While Mrs. Schmidt's attention was diverted, Mr. Johnson apparently palmed the one-hundred-dollar bill and replaced it with a ten-dollar bill. He showed it to Mrs. Schmidt, asserting that she had mistakenly given him a ten, not a hundred. Mrs. Schmidt, after conferring with her superior, exchanged the ten-dollar bill for another hundred-dollar bill. Mr. Johnson then left the bank. Mrs. Schmidt immediately checked her accounts, finding a ninety-dollar shortage. Mr. Johnson was later apprehended and, on February 3, 1978, a jury convicted him of taking and carrying away, with intent to steal or purloin, the sum of ninety dollars from the custody of the Pulaski Bank.[1]

At trial, Mr. Johnson's sole defense was that 18 U.S.C. § 2113(b) (1976) does not apply to the sleight-of-hand maneuver he performed at the bank.[2] That section reads as follows:

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

In particular, Mr. Johnson argues that the words "steal or purloin" encompass only acts included in common law larceny. Common law larceny requires a "trespass in the taking." In this case, the teller willingly gave him the hundred-dollar bill; ergo, no common law larceny occurred.

The act of "stealing" may encompass a wide range of dishonest acts whereby that belonging to another is expropriated, and it includes furtive or stealthy conduct or conduct that employs a trick or artifice. *See Oxford English Dictionary* 884. The word "purloin," as used in this context, is nearly synonymous with "steal," especially under circumstances that invoke a breach of trust. *Id.* at 1624. It, too, covers acts that are performed by stealth or trick.

The Supreme Court, in *United States v. Turley,* 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957), considered the history of the word "steal" in a Dyer Act case. The Court concluded that stolen "has no accepted common-law meaning,"[3] *id.* at 411, 77 S.Ct. at

---

1. The district court (Judge Terry L. Shell) imposed a split one-year sentence upon Johnson requiring that he serve six months in a jail institution and suspending the remaining six months. In addition, Judge Shell attached a two-year probationary period to the sentence.

2. The defendant moved for a directed verdict at the close of the prosecution's evidence. The trial judge denied the motion. Because the defendant presented no other defense, the judge immediately submitted the case to the jury.

3. The Court quoted extensively from a Fourth Circuit case, *Boone v. United States,* 235 F.2d 939, 940 (4th Cir. 1956), that had considered the same issue earlier:

But while "stolen" is constantly identified with larceny, the term was never at common law equated or exclusively dedicated to larceny. "Steal" (originally "stale") at first denot-

399, and therefore that it does not "have a necessary common-law meaning coterminous with larceny and exclusive of other theft crimes." *Id.* at 412, 77 S.Ct. at 400 (footnote omitted). The Court held that the term must be given a meaning consistent with the context in which it appears.

The foregoing discussion suggests that the terms "steal or purloin," as used in 18 U.S.C. § 2113(b), are not limited to conduct included in common law larceny. Mr. Johnson, however, points out that two circuits, the Ninth and the Fourth, have held to the contrary. *See Bennett v. United States*, 399 F.2d 740 (9th Cir. 1968); *LeMasters v. United States*, 378 F.2d 262 (9th Cir. 1967); [4] *United States v. Rogers*, 289 F.2d 433 (4th Cir. 1961). He concedes that the Second and Fifth Circuits have concluded that section 2113(b) extends to all felonious takings, *United States v. Fistel*, 460 F.2d 157 (2d Cir. 1972); *United States v. Ferraro*, 414 F.2d 802 (5th Cir. 1969), but urges the court to adopt what is, in his view, the sounder position taken by the Fourth and Ninth Circuits. Mr. Johnson also relies on a statement in an earlier case of ours, *Loman v. United States*, 243 F.2d 327 (8th Cir. 1957), in which we indicated that the term "stolen" meant larceny as defined by the common law.[5]

Although we entertain some doubt about the validity of Mr. Johnson's position, we need not even reach the question he invites us to answer. In our view, his act of chicanery was a species of larceny by trick. As such, even at common law it was classed as larceny. *See, e. g., United States v. Rogers, supra*, 289 F.2d at 438; *United States v. Posner*, 408 F.Supp. 1145 (D.Md. 1976); 52A C.J.S. Larceny § 1(4) (1968).

Accordingly, we hold that larceny by trick is a "stealing or purloining" under section 2113(b) and affirm the conviction.

ed in general usage a taking through secrecy, as implied in "stealth," or through stratagem, according to the Oxford English Dictionary. Expanded through the years, it became the generic designation for dishonest acquisition, but it never lost its initial connotation. Nor in law is "steal" or "stolen" a word of art. Blackstone does not mention "steal" in defining larceny—"the felonious taking and carrying away of the personal goods of another"—or in expounding its several elements. IV Commentaries 229 et seq.

4. In *LeMasters*, Judge Madden engaged in a scholarly analysis of both common law tradition and a bit of legislative history from another statute. He concluded that § 2113(b) embraced only common law larceny and therefore that obtaining money by false pretenses was not a federal crime:

We are persuaded the Congress had no intention to include obtaining money by false pretense within the foregoing brief provision of the 1937 Act. When we remember that in 1934 Congress was unwilling to draw into the orbit of a federal criminal law even burglary or taking without consent from a bank, apparently because these crimes were adequately treated by state law enforcement agencies and were not involved in interstate gangster activities, it is hard to believe that in 1937 Congress was willing to involve the United States in the multiplicitous bad check, forgery and other fraudulent transaction cases which occupy so much of the attention of local law enforcement authorities but which, so far as appears, have no aspects of interstate gangster activities, and which present no danger that state law enforcement will be lacking in diligence. [*LeMasters v. United States*, 378 F.2d 262, 266 (9th Cir. 1967).]

5. In *Loman*, we commented that 18 U.S.C. § 2314 (1976), which proscribes the interstate transportation of stolen goods, covers only goods obtained by larceny as defined by common law. However, we relied heavily on an earlier case of ours, *Ackerson v. United States*, 185 F.2d 485 (8th Cir. 1950), where we held that the term "stolen," as used in the Dyer Act, 18 U.S.C. § 2311 (1976), meant only common law larceny. Because the *Ackerson* opinion is at variance with *United States v. Turley*, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957), that language of *Loman* interpreting the statute carries no real precedential weight.