**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard VELTRE, Defendant-Appellant.**

No. 78–5521
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 19, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Roland E. Dahlin, II, Fed. Public Defender, Charles S. Szekely, Jr., Asst. Fed. Public Defender, Houston, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., John Potter, George A. Kelt, Jr., Samuel G. Longoria, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

RONEY, Circuit Judge:

Defendant Richard Veltre appeals his conviction for conspiracy to embezzle funds from a federally insured bank (18 U.S.C.A. § 371) on four grounds: first, he should have been granted a mistrial when the prosecutor commented to the jury on a codefendant's guilty plea; second, his acts were performed subsequent to the completion of the crime so there was insufficient evidence to sustain his conviction; third, the district court gave an improper conspiracy charge to the jury; and fourth, evidence obtained at the time of defendant's arrest should have been suppressed. We affirm.

The core of defendant's argument on appeal is that all of his acts were subsequent to the completion of the embezzlement crime here involved. Briefly, these are the facts.

On December 20, 1977, Nancye Leone, a bank teller, made three withdrawals from the vaults on cash tickets, not an unusual procedure. As previously arranged with her, defendant Veltre came to the bank at about 3:00 p. m. and completed a withdrawal slip for $20,000, giving a fictitious account number. Nancye Leone forged an "okay" on the receipt slip, stamped it, wrote a cash out ticket, and gave defendant approximately $16,000. Because she had to count the money hurriedly, she did not count out the full $20,000. Defendant put the money in a brown plastic pouch and left the bank. At 5:00 p. m., check-out time, Ms. Leone fixed her records to show they balanced, met defendant for dinner, and later left with him for Los Angeles. Having pled guilty, Ms. Leone testified that she intended to embezzle the money at the time she withdrew it from the vault. Relying on *United States v. Ferraro*, 414 F.2d 802 (5th Cir. 1969), defendant argues that the crime of embezzlement was completed at that time, and that his receipt of the money at the teller's window thereafter involved only already embezzled funds.

Defendant's argument fails because *United States v. Ferraro, supra,* is distinguishable. In that case, the bank employee had carried the money out of the bank and gave it to a codefendant in a parking lot. The Court there held that the crime had been committed by the time the defendant received the money in the parking lot. Moreover, "the government was unable to prove

any prior planning on the part of the defendant, or even any prior knowledge on his part, of the offense." 414 F.2d at 803.

Here, defendant was acquitted by the jury of the substantive crime of embezzlement, and convicted only of conspiracy. Of course, acquittal on the substantive count does not foreclose prosecution and conviction for conspiracy. *United States v. Ballard*, 586 F.2d 1060, 1064 (5th Cir. 1978); *United States v. Caro*, 569 F.2d 411, 418 (5th Cir. 1978). Nancye Leone testified that she and Veltre had initially discussed the embezzlement at a Houston restaurant the evening before the crime was committed, and the details had been worked out by her, the defendant, and a roommate of theirs at their home before she left for the bank the next morning. There was clearly sufficient evidence of defendant's participation in the conspiracy to support the jury verdict.

Knowing that Nancye Leone, the bank teller, would be the Government's key witness and subject to cross-examination on the point, the prosecutor told the jury on opening argument that Nancye Leone had already pled guilty to the crime. After denying a motion for mistrial the court gave the following cautionary instruction:

> THE COURT: Ladies and Gentlemen of the jury, there has been an objection made by counsel. I want to instruct you at this time that the person on trial in this case at this time is Richard Veltre. In the indictment there is a reference also to another person, Nancye Ann Leone. I want to instruct you that your role here is to determine the guilt or innocence of Richard Veltre. You should not take into account, in any respect, the actions of Nancye Ann Leone in determining that guilt. Whether or not she has pled guilty is unimportant in so far as a determination of the guilt or innocence of Richard Veltre is concerned, and her action is not to be considered in determining that guilt.
>
> It is very important that you bear that in mind throughout the course of the trial, and the court so instructs you.

By disclosing Ms. Leone's guilty plea in opening argument, the Government anticipated defense counsel's primary defense of impeaching the credibility of the Government's key witness through proof of her guilty plea and showing benefits to her in having counts dismissed and in obtaining leniency of sentence. In fact, defense counsel early in the proceedings attacked the credibility of Ms. Leone as "the architect of this crime" and announced his intention to introduce evidence of the plea bargain.

Defense counsel's expected defense on this theory was merely brought out in advance by the Government to blunt adverse impact on the jury and to minimize the impression that the Government was trying to conceal Ms. Leone's guilty plea. Where, as here, the codefendant is a witness at trial, subject to the rigors of cross-examination, disclosure of the guilty plea to blunt the impact of attacks on her credibility serves a legitimate purpose and is permissible. *United States v. King*, 505 F.2d 602, 607 (5th Cir. 1974). *Cf. United States v. Medina-Arellano*, 569 F.2d 349, 356–357 (5th Cir. 1978). In addition the cautionary instruction given by the district court was appropriate and effective to avoid prejudice. *United States v. King*, supra at 607; *United States v. Davis*, 487 F.2d 112, 120 (5th Cir.), *cert. denied*, 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974); *United States v. Baete*, 414 F.2d 782, 783–784 (5th Cir. 1969).

The cases relied on by defendant do not apply here. In *United States v. Corona*, 551 F.2d 1386, 1388–1391 (5th Cir. 1977), and *United States v. Harrell*, 436 F.2d 606, 614–617 (5th Cir. 1970), there were "aggravating circumstances" which combined to result in reversal of conviction. No such aggravating circumstances are present here. In *United States v. Hansen*, 544 F.2d 778, 780 (5th Cir. 1977), and *United States v. Vaugh*, 546 F.2d 47, 49–51 (5th Cir. 1977), none of the codefendants whose guilty pleas were disclosed appeared in court or gave testimony. This Court ruled in *United States v. Hansen, supra* at 780, that it was inappro-

priate to inform a jury that a codefendant had pled guilty where, "[he] was not in court, not on trial, and not to be tried."

■ In sum, unlike the cases cited by defendant, here there were no aggravating circumstances, the codefendant took the witness stand and testified to her guilty plea, and an appropriate cautionary instruction was given by the district court. We find no error.

■ Defendant argues that the district court should have instructed the jury that in order for him to be a member of the conspiracy, the jury must find that, with knowledge of the conspiracy, he intentionally did some act or thing to further carry out the conspiracy. Defendant misreads the law. It is well settled that to make out the crime of conspiracy, once the unlawful agreement is shown, proof of a single overt act in furtherance of that agreement by a single conspirator establishes the guilt of each member of the conspiracy. *United States v. Evans*, 572 F.2d 455, 468 (5th Cir. 1978); *United States v. Fuiman*, 546 F.2d 1155, 1158 (5th Cir.), *cert. denied*, 434 U.S. 856, 98 S.Ct. 176, 54 L.Ed.2d 127 (1977); *United States v. Fontenot*, 483 F.2d 315, 322 (5th Cir. 1973); *United States v. Warner*, 441 F.2d 821, 830 (5th Cir. 1971). It is unnecessary to show that any other conspir-

ator was present at the commission of that overt act. Once the conspiracy has been established, and an individual has been linked to it, an overt act committed by one of the conspirators is properly chargeable to all. *Braverman v. United States*, 317 U.S. 49, 53, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *United States v. Netterville*, 553 F.2d 903, 912 (5th Cir. 1977).

■ Finally, defendant argues that the court should have suppressed evidence of his flight and inculpatory statements made by him when he was attempting to escape arrest. He contends the arrest warrant was invalid because the affidavit supporting it did not state probable cause to give rise to the belief defendant had committed the crime alleged. Part of the argument is grounded on his contention that a crime had already been completed before the acts charged against him were committed. An examination of the affidavit reveals the arguments as unmeritorious.

AFFIRMED.