UNITED STATES of America,
Plaintiff-Appellee,

v.

Eduardo ROMEROS,
Defendant-Appellant.

No. 78–5733.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1979.

Rehearing and Rehearing En Banc
Denied Oct. 4, 1979.

Knox Jones, McAllen, Tex., for defendant-appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

Eduardo Romeros appeals his conviction of conspiracy to misapply federal funds, 18 U.S.C.A. § 371; 42 U.S.C.A. § 2971f(a), claiming *first*, it was prejudicial for the Government to elicit testimony disclosing the guilty plea of a coconspirator; *second*, his acquittal on related substantive charges which were the same as the overt acts alleged in the conspiracy indictment rendered the conspiracy conviction invalid; and *third*, there was insufficient evidence to support the conviction. We affirm.

Romeros was a Certified Public Accountant approved by the Department of Labor to audit a program sponsored by the Department undertaken by the Associated City County Economic Development Corporation of Edinburg, Texas. The Economic Development Corporation was a nonprofit corporation set up to obtain federal funding to implement programs beneficial to low income families. Its director, Eliseo Sandoval, and defendant agreed to pool a sum of money to start a consulting firm. Because Sandoval did not have his share of the start-up money for the business, he authorized defendant to cash two checks totaling $14,000 which were drawn on the account of the Economic Development Corporation. In return defendant lent Sandoval some of the money obtained from the checks, for use in connection with the joint business venture. At the time Romeros was indicted, neither advance from the account of the corporation had been reconciled.

■ Eliseo Sandoval was the principal witness for the Government. Defendant contends he was denied a fair trial because the Government elicited from Sandoval that he had pled guilty to the same conspiracy count for which defendant was on trial. The disclosure of the codefendant's guilty plea did not constitute a reversible error since an appropriate cautionary instruction was given to the jury, the codefendant appeared in court and was subject to cross-examination, and no aggravating circumstances were demonstrated. *See United States v. Veltre*, 591 F.2d 347, 349–350 (5th Cir. 1979).

■ Defendant contends that the conspiracy conviction cannot stand because there was an acquittal of the two related substantive charges. He argues that the object of the conspiracy was thus determined not to be a federal crime. If the substantive act made the object of the conspiracy does not constitute a federal crime, he argues, then there was no illegal conspiracy under 18 U.S.C.A. § 371. He cites: *Parr v. United States*, 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960); *Ventimiglia v. United States*, 242 F.2d 620 (4th Cir. 1957); *Lubin v. United States*, 313 F.2d 419 (9th Cir. 1963); *United States v. Galardi*, 476 F.2d 1072 (9th Cir.), *cert. denied*, 414 U.S. 839, 856, 94 S.Ct. 90, 38 L.Ed.2d 75 (1973); *United States v. Thies*, 569 F.2d 1268 (3rd Cir. 1978); *United States v. Binetti*, 552 F.2d 1141 (5th Cir. 1977); *O'Kelley v. United States*, 116 F.2d 966 (8th Cir. 1941); *United States v. Smith*, 200 F.Supp. 227 (E.D.Tenn.1961). Defendant misconstrues the effect of inconsistent jury verdicts. Inconsistency between verdicts on different counts of the indictment does not vitiate convictions on those counts of which appellant is found guilty. Each count is separately considered and, if it is supported by the evidence, may stand. *United States v. Dunn*, 284 U.S. 390, 393–394, 52 S.Ct. 189, 76 L.Ed. 356 (1931); *United States v. Dudley*, 581 F.2d 1193, 1199 (5th Cir. 1978); *United States v. Gipson*, 553 F.2d 453, 457 (5th Cir. 1977).

■ Conspiracy and the related substantive offense which is the object of the conspiracy are separate and distinct crimes. *Iannelli v. United States*, 420 U.S. 770, 777–778, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); *United States v. Ragano*, 520 F.2d 1191, 1198 (5th Cir. 1975), *cert. denied* 427 U.S. 905, 96 S.Ct. 3192, 49 L.Ed.2d 1199 (1976). It is well established that acquittal on the substantive count does not foreclose prosecution and conviction for a related conspiracy. *United States v. Veltre, supra* at 349; *United States v. Dunbar*, 591 F.2d 1190, 1192 (5th Cir. 1979).

Defendant's final argument is that the evidence adduced by the Government regarding defendant's specific intent to misapply federal funds was insufficient. The essential elements of a conspiracy are an agreement by two or more persons to commit one or more unlawful acts and an over act by one of the conspirators in furtherance of the conspiracy. *United States v. White*, 569 F.2d 263, 266 (5th Cir. 1978). On appeal the Government is entitled to all reasonable inferences favorable to the verdict. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In the instant case codefendant Sandoval testified he had conspired to pay defendant advances and that he accompanied defendant to the bank to cash one of the checks. In addition, Sandoval testified that defendant gave him proceeds from the checks as a loan to fund their planned consulting firm. This record demonstrates the evidence was sufficient to support the jury verdict convicting defendant of conspiracy to misapply federal funds.

AFFIRMED.