**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clifford Dixon NOE,
Defendant–Appellant.**

No. 79–3474.

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 20, 1981.

Rehearing Denied March 17, 1981.

Herndon Inge, III, Mobile, Ala., (Court–appointed), for defendant–appellant.

W. A. Kimbrough, Jr., U. S. Atty., Ginny S. Granade, Asst. U. S. Atty., Mobile, Ala., for plaintiff–appellee.

Before KRAVITCH and FRANK M. JOHNSON, Jr., Circuit Judges, and ALL-GOOD *, District Judge.

FRANK M. JOHNSON, Jr., Circuit Judge:

Clifford Dixon Noe tendered and the district court accepted a guilty plea to eight counts of interstate transportation of falsely made and forged securities in violation of 18 U.S.C. § 2314. He appeals from the trial court's order denying his motion for reconsideration and reduction of sentence. We affirm.

Section 2314 of Title 18, U.S.C. provides in part

Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; . . .

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

This section shall not apply to any falsely made, forged, altered, counterfeited or spurious representation of an obligation or other security of the United States, or of an obligation, bond, certificate, security, treasury note, bill, promise

to pay or bank note issued by any foreign government or by a bank or corporation of any foreign country.

The only issue before this Court [1] is whether the last clause quoted above operates to exclude from the general prohibitory scope of the section the transporting of falsely made and forged travelers and cashiers checks purportedly drawn on a private bank located in a foreign country.

Citing *United States v. Smith,* 200 F.Supp. 227, (E.D.Tenn.1961), appellant Noe urges that the phrase "bank or corporation *of* any foreign country" means a bank or corporation *located in* another country. On the other hand, the Government contends that the phrase encompasses only banks or corporations that issue the currency or obligations of a foreign country. As authority the Government cites *United States v. Ortiz,* 444 F.Supp. 81 (W.D.Tex.1977), a well–reasoned decision in which the court concluded that Section 2314 excludes from its scope only those obligations, bonds, certificates, securities, treasury notes, bills, promises to pay, or bank notes issued under the sanction of public authority.

When faced with two possible interpretations of a statute, it is appropriate for a court to rely on the legislative history of the statute. *Train v. Colorado Public Interest Research Group,* 426 U.S. 1, 96 S.Ct. 1938, 48 L.Ed.2d 434 (1976). In this case the legislative history of Section 2314 clearly indicates that Congress intended to exclude from the scope of Section 2314 only those counterfeiting activities that were prohibited by existing law.[2] At that time,

---

* District Judge of the Northern District of Alabama, sitting by designation.

1. On appeal Noe urges that the statute is unconstitutionally vague and ambiguous. A careful review of the record, however, reveals that in district court Noe did not in substance or in form challenge Section 2314 on constitutional grounds. It is well settled that issues not raised at trial will not be considered on appeal. *See, e. g., King v. United States,* 565 F.2d 356 (5th Cir. 1978); *Anderson v. State,* 507 F.2d 105 (5th Cir. 1975).

2. The statutory exclusion was enacted as an amendment to the National Stolen Property Act, *see* 53 Stat. 1178 (1939). In its report, the House Committee on the Judiciary referred to the exclusion, explaining that "[c]ounterfeited securities of the United States and foreign governments are exempted by a proviso because they are dealt with adequately by other provisions of existing law." H.R.Rep.No. 422, 76th Cong., 1st Sess. 1 (1939); *see also* H.R. Rep.No. 761, 75th Cong., 1st Sess. 1 (1937). The report also incorporated a letter from the Attorney General that identified the other provisions of existing law as being "the statutes

the counterfeiting statutes prohibited only counterfeiting activities related to notes, bonds, and other securities that were governmental or quasi–governmental in nature.[3] No statute prohibited counterfeiting activities relating to securities of a purely private nature such as the activity at issue in this case. It therefore follows that Congress did not intend to exclude from the scope of Section 2314 counterfeiting activities relating to travelers and cashiers checks purportedly drawn on a private bank located in a foreign country.

 Noe argues that acceptance of his position is mandated by the doctrine of construing ambiguous criminal statutes in favor of the accused. *See, e. g., United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971); *Rewis v. United States,* 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971). When applied in an appropriate case, this doctrine serves a two–fold purpose, namely, requiring legislatures to give fair warning of what conduct is proscribed and ensuring that "legislatures and not courts [define] criminal activity." *Bass, supra,* 404 U.S. at 348, 92 S.Ct. at 523. But what Noe fails to recognize is that this is not an appropriate case. The principle of lenient construction does not exist to "destroy the spirit and force of the law which the legislature intended to enact." *American Tobacco Co. v. Werckmeister,* 207 U.S. 284, 293, 28 S.Ct. 72, 75, 52 L.Ed. 208 (1907); *see Huddleston v. United States,* 415 U.S. 814, 832, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782 (1974). Indeed, the doctrine of lenity is not invoked until a court, " 'seiz[ing] every thing from which aid can be derived', . . . [is] left with an ambiguous statute." *Bass, supra,* 404 U.S. at 347, 92 S.Ct. at 522 (quoting *United States v. Fisher,* 6 U.S. 358, 2 Cranch 358, 386, 2 L.Ed. 304 (1805)); *see Scarborough v. United States,* 431 U.S. 563, 577, 97 S.Ct. 1963, 1970, 52 L.Ed.2d 582 (1977). As our examination of the legislative history reveals, Congress intended to and did include within the proscriptive scope of Section 2314 the activity to which Noe confessed guilt. The judgment of the district court is AFFIRMED.

---

relating to counterfeiting." Letter from the U.S. Attorney General to William Bankhead, Speaker of the House, Dec. 29, 1938, in H.R. Rep.No. 422, 76th Cong., 1st Sess. 3 (1939); *see also* Letter from U.S. Attorney General to William Bankhead, Speaker of the House, Mar. 16, 1937, in H.R.Rep.No. 761, 75th Cong., 1st Sess. 3 (1937).

**3.** *See, e. g.,* Act of May 16, 1884, ch. 52, §§ 1–6, 23 Stat. 22. The current versions of the pertinent counterfeiting statutes are found at 18 U.S.C. §§ 471–483. *See generally Ortiz, supra,* 444 F.Supp. at 83 (discussing judicial interpretation of the forgery statutes).