**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 00-20223

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

INMER ESAUC GOMEZ-LOZANO,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-593-1

January 31, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Inmer Esauc Gomez-Lozano ("Gomez") was indicted and pleaded guilty to being "an alien

previously deported and removed from the United States, [who] was found present in the United

States at Houston, Texas, without having obtained consent from the Attorney General of the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

States to apply for readmission into the United States," in violation of 8 U.S.C. § § 1326(a), (b)(2). Gomez was sentenced to 77 months imprisonment, and three years supervised release. On appeal, Gomez challenges his conviction on the following five grounds: (1) the indictment was defective because it improperly charged him with a status offense; (2) the indictment was defective because it did not expressly allege general intent; (3) the indictment was defective because it did not expressly allege specific intent; (4) the indictment was defective because it did not expressly allege a prior felony conviction; (5) the court erred in enhancing the offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on his prior state felony conviction for possession of a controlled substance. For the reasons set forth below, we affirm.

The first four claims proffered by Gomez address the sufficiency of the indictment. We review *de novo* a claim that an indictment is insufficient. *See United States v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1999). Gomez first claims that the indictment merely charged him with occupying the status of being a previously deported alien present in the United States, but failed to charge him with the commission of an act. We rejected this argument in *United States v. Tovias-Marroquin*, 218 F.3d 455, 456-57 (5th Cir. 2000), and therefore Gomez's claim is precluded.

Second, Gomez asserts that his indictment was flawed because it failed to allege a mens rea, specifically it failed to allege that Gomez had the general intent to act in violation of § 1326. This argument was addressed in *United States v. Guzman-Ocampo*, No. 99-20968, 2000 WL 1868226 at *3 (5th Cir. Dec. 21, 2000), where we determined that while "§ 1326 is a general intent offense" an indictment containing the same language as Gomez's indictment alleged each of the "statutorily required element[s] of § 1326." Accordingly, Gomez's second claim is foreclosed by our holding in *Guzman-Ocampo*.

Third, Gomez claims that § 1326 requires that the government assert and prove that Gomez had the specific intent to violate § 1326. We have already held in *United States v. Trevino-Martinez*, 86 F.3d 65, 68-69 (5th Cir. 1996) that § 1326 does not require proof of specific intent, and therefore this claim is also meritless.

Fourth, Gomez argues that a prior felony conviction is an element of the offense of reentering the United States after being deported, and because his indictment failed to allege that he had a prior conviction it was insufficient. This argument has been precluded by the Supreme Court's holding in *United States v. Almendarez-Torres*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that the penalty provision in § 1326 for illegal reentry after deportation was a sentencing factor and not an element of the offense). As we stated in *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), "the Supreme Court expressly declined to overrule *Almendarez-Torres*" in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000), and therefore we are bound by the holding in *Almendarez-Torres*.

Fifth, Gomez argues that the sixteen-level increase to his base offense level under § 2L1.2(b)(1)(A) was incorrect because his conviction for possession of a controlled substance did not constitute an aggravated felony because it was not a drug trafficking crime. We review *de novo* the district court's interpretation of the Sentencing Guidelines, and constitutional claims. *United States v. Lyckman*, 2000 WL 1800131, *2 (5th Cir. Dec. 7, 2000); *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000). Gomez's argument regarding the sentence enhancement is foreclosed due to our decision in *United States v. Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997) (state conviction for possession of marijuana constituted an aggravated felony because it was an offense punishable under the Controlled Substances Act and was a felony under state law).

3

Although Gomez asserts that his right to due process will be infringed by our finding that possession of a controlled substance may constitute an aggravated felony for Sentencing Guideline purposes, Gomez's argument is unavailing. Gomez contends that the aggravated felony definition is ambiguous, and therefore the enhancement provision should not have been applied because it violated the requirements of due process. In the alternative, Gomez asserts that the rule of lenity should have been applied. In *United States v. Pearson*, we established that "[d]ue process does not mandate . . . either notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." 910 F.2d 221, 223 (5th Cir. 1990). That is not to say that there is no notice requirement with regard to a possible sentence enhancement, but such notice was adequately provided to Gomez in his indictment and pre-sentence report. *See United States v. Cortinas*, 142 F.3d 242, 250 (5th Cir. 1998) (defendant's due process rights were not violated when notice of the government's intention to seek enhancement was contained in Presentence Investigation Report).

Furthermore, Gomez's rule of lenity argument fails because, as we stated in *United States v. Noe*, 634 F.2d 860, 862 (5th Cir. 1981),"the doctrine of lenity is not invoked until a court, 'seiz[ing] every thing from which aid can be derived . . . is left with an ambiguous statute.'" Because we applied § 2L1.2(b) under similar circumstances in *Hinojosa-Lopez* without difficulty, and because other circuits have also applied this statute without difficulty, there is no indication that the statute is ambiguous. Therefore Gomez's rule of lenity claim also fails.

For the foregoing reasons, we AFFIRM.