MAXWELL, J.,
specially concurring:
¶ 17. I agree with the result reached by the majority but write separately to address the propriety of the State’s preemptive use of an accomplice’s guilty plea to blunt a defendant’s attack on an accomplice’s credibility. I find this practice serves a proper evidentiary purpose and is permissible if a limiting instruction is given and the accomplice testifies at trial.
I. A Co-defendant’s Guilty Plea Is Admissible for Other Purposes
¶ 18. The Mississippi Supreme Court has recognized that “[fjederal and state appellate courts have found the admission of a co-conspirator’s plea of guilty, while incompetent as substantive evidence of the defendant’s guilt, may be admissible for other purposes.”[1] Considering what qual- *22 ifíes as a legitimate purpose, the United States Court of- Appeals for the Fifth Circuit has held “[preemptively introducing a plea to counteract anticipated defense efforts at impeachment is a proper purpose.” United States v. Setser, 568 F.3d 482, 494 (5th Cir.2009). This legitimate evidentiary purpose focuses on lessening the impact of a defendant’s attack on an accomplice’s credibility. To proceed in this manner, the co-defendant must ultimately testify and be subjected to cross-examination.
¶ 19. Here, Foxworth and Fairley were initially charged as co-defendants for the capital murder of Larry Turner. Obviously, Foxworth and his attorney knew the State had allowed Fairley to plead guilty to the lesser offense of armed robbery— the underlying offense of the capital-murder charge.
¶ 20. Recognizing that finger pointing and credibility attacks aimed at Fairley would figure prominently in Foxworth’s defense strategy, the State mentioned in its opening statement that Fairley had initially been charged with “this crime”— meaning capital murder. The prosecutor explained he wanted to tell the jury “up front” that Fairley had “pled to an armed robbery charge.” The mention of Fair-ley’s guilty plea drew an objection and request for a mistrial from Foxworth. But in overruling Foxworth’s request, the trial judge correctly held “the [Sjtate has a right to anticipate defenses and to discuss those defenses in [its] opening statement.” Yet the trial judge restricted the State from inquiring on direct examination whether Fairley had entered a guilty plea to a reduced charge. He also prevented the State from mentioning that Fairley initially had been charged with Foxworth as co-defendants in the capital-murder case.
II. Preemptive Use of an Accomplice’s Guilty Plea
¶ 21. The Fifth Circuit has considered the admission of a co-defendant’s guilty plea in a procedural posture quite similar to this one. In United States v. Veltre, 591 F.2d 347, 349 (5th Cir.1979), defense counsel objected to the government’s mention of an accomplice’s guilty plea during its opening statement. On appeal, Veltre, like Foxworth, claimed the preemptive mention of his accomplice’s guilty plea entitled him to a mistrial. The Fifth Circuit disagreed, recognizing “[d]efense counsel’s expected defense on this theory was merely brought out in advance by the [government to blunt adverse impact on the jury and to minimize the impression that the [government was trying to conceal [the co-defendant’s] guilty plea.” Id. The Fifth Circuit acknowledged that in cases where the co-defendant testifies at trial and is “subject to the rigors of cross-examination,” the government’s “disclosure of the guilty plea to blunt the impact of attacks on [the co-defendant’s] credibility serves a legitimate purpose and is permissible.” Id. (citing United States v. King, 505 F.2d 602, 607 (5th Cir.1974)). More recently in United States v. Valuck, 286 F.3d 221, 228-29 (5th Cir.2002), the Fifth Circuit found the government’s introduction of a co-conspirator’s guilty plea during opening statement and again during direct examination served a dual purpose. It reduced “the potential effects of impeachment, while showing the jury that [the accomplice] had not been provided any ‘sweetheart deal’ in exchange for his testimony.” Id. at 229. Approving this strategy, the Fifth Circuit reflected: “Surely, the government is permitted to outline its evidence during opening [statement], and that, of course, includes evidence about an accomplice’s *23 guilty plea.” Id. (citing United States v. Magee, 821 F.2d 234, 241 (5th Cir.1987)).[2]
¶ 22. But when offering the guilty plea of a witness-accomplice, protective measures must be taken: (1) the guilty plea must serve a legitimate purpose, and (2) a proper limiting instruction should be given. United States v. Marroquin, 885 F.2d 1240, 1247 (5th Cir.1989). Potential prejudice may be reduced by instructing the jury that “the fact that an accomplice has entered a plea of guilty to an offense charged is not evidence, in and of itself, of the guilt of any other person” and that such testimony should be “received with caution and weighed with great care.” Valuck, 286 F.3d at 228.
¶ 23. Indeed, the State’s assessment of Foxworth’s defense rang true. During his opening statement, Foxworth’s attorney vigorously attacked Fairley’s credibility as a witness. This tactic continued throughout the trial. Fairley testified and was thoroughly examined about his alleged bias. Abiding by the trial judge’s earlier ruling restricting questions about the original charge and guilty plea, neither excluded topic was broached. Thus, Foxworth’s attorney withdrew his earlier proposed limiting instruction, which would have likely been given if not for the trial court’s restriction against mentioning Fairley’s guilty plea or the original charge and would have provided adequate protection here.
¶ 24. Contrary to the trial judge’s ruling, since Fairley was subjected to cross-examination, I find inquiry into the original charge and ultimate guilty plea was a proper topic for examination. I also find it permissible to allow inquiry into these topics by either party during opening statement.
BARNES AND CARLTON, JJ., JOIN THIS OPINION.

. White v. State, 616 So.2d 304, 307 (Miss.1993) (citing United States v. Medley, 913 F.2d 1248, 1257-58 (7th Cir.1990); United States v. Davis, 766 F.2d 1452, 1456 (10th Cir.1985); United States v. Wiesle, 542 F.2d 61, 62-63 (8th Cir.1976); People v. Brunner, 797 P.2d 788, 789 (Colo.Ct.App.1990); State v. Padgett, 410 N.W.2d 143, 146 (N.D.1987)); see also State v. Braxter, 568 A.2d 311, 316 (R.I.1990) (holding guilty plea of accomplice in trial of defendant on same charge admissible when *22 introduced to impeach accomplice but inadmissible to demonstrate guilt of defendant).

. While this case solely concerns the State's preemptive use of a co-defendant's plea agreement during opening statement, I see no legitimate prohibition against either the State or defendant mentioning an accomplice’s guilty plea during voir dire. The control of voir dire is largely left to the circuit court's discretion, and as long as the judge is agreeable, questions surrounding a co-defendant's guilty plea are fair game for both sides. Why should the defendant be restricted from eliciting from prospective jurors whether they are more likely to convict because a co-conspirator has plead guilty to the same charge? And in turn, the State should be permitted to inquire whether potential jurors would refuse to consider the testimony of a cooperating witness who testifies with the benefit of a plea agreement. Such inquiries focus on a central goal of voir dire — to uncover the prospective jurors’ bias or pre-conceived notions of guilt. A Missouri appellate court has recognized that "[sjuch voir dire questions are allowed as being relevant because, any time the State enters into a plea agreement with a witness, the issues of bias and self-interest arise, since plea agreements are 'double-edged swords' that 'not only support a witnesses] credibility by showing an interest to testify truthfully, but also impeach a witness'[s] credibility by showing an interest in testifying favorably for the government, regardless of the truth.’ " State v. Golatt, 81 S.W.3d 640, 645 (Mo.Ct.App.2002) (quoting State v. Dudley, 51 S.W.3d 44, 54 (Mo.Ct.App.2001)).